
# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL P. REYES,<br><br>        Plaintiff,<br><br>   v.<br><br>FLORES, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00586-DAD-JLT (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS**<br><br>**(Doc. 1)**<br><br>**30-DAY DEADLINE** |

Plaintiff's claims he suffered inadequate medical care following prostate surgery. As discussed below, Plaintiff has stated a cognizable claim against two of the named defendants upon which he may elect to proceed, or he may attempt to cure the deficiencies in his pleading by filing a first amended complaint.

**A.**     **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed

per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

### B.  Summary of Plaintiff's Complaint

Plaintiff complains of acts that occurred at California State Prison in Corcoran (CSP-Cor), where he is currently housed.  CDCR Director Matthew Cate, Receiver J. Clark Kelso, Warden Dave Davey, Chief Medical Officer O. Beregovskaya, Supervising Registered Nurse Marquez, Registered Nurse John Doe, Licensed Vocational Nurse M. Flores, and Correctional Officer J. Huewe are named as Defendants from whom Plaintiff seeks monetary damages.

On January 21, 2014, Plaintiff had surgery for an enlarged prostate.  He was discharged from the hospital to CSP-Cor on January 23, 2014.  Plaintiff alleges that he was not given the prescribed post-operative medications and, when he began experiencing pain and bleeding, he was denied care and treatment.  The details of Plaintiff's allegations against each Defendant are discussed where applicable below.

Plaintiff has stated a cognizable claim against LVN Flores and John Doe RN for deliberate indifference to his serious medical needs and may be able to amend to correct the deficiencies in his pleading so as to make additional claims cognizable.  Thus, he is being given the applicable standards based on his stated claims and leave to file a first amended complaint, or he may notify the Court that he desires to proceed on the claim found cognizable in this order.

### C.  Pleading Requirements

#### 1.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

2

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis. Where the allegations against two or more Defendants are factually intertwined, Plaintiff need not repeat the factual allegations separately against each Defendant. Rather, Plaintiff should present his factual allegations and identify whichever Defendants he feels are thereby implicated.

**2. Receiver J. Clark Kelso**

As a federal receiver, Kelso is entitled to quasi-judicial immunity. Quasi-judicial

immunity[1] is derived from the long-recognized common law doctrine of judicial immunity. *In re Castillo*, 297 F.3d 940, 947 (9th Cir.2002).  Partly to promote the use of the appellate process, acts performed by judges that relate to the judicial process are immune from attack. *Id.*  Quasi-judicial immunity is immunity that extends to nonjudicial officers for "claims relating to the exercise of judicial functions ." *Id.*, quoting *Burns v. Reed*, 500 U.S. 478, 499 (1991).  In other words, quasi-judicial immunity protects nonjudicial officers because their decisions are the functional equivalent of a judge and involve considerable exercise of discretion. *Antoine v. Byers & Anderson*, 508 U.S. 429, 436, 113 S.Ct. 2167 (1993).

To this end, Kelso was appointed to be the receiver for CDCR's health care system. *See Plata v. Schwarzenegger, et al.*, C01-1351-TEH (N.D.Cal. Jan. 23, 2008) (class action constitutional challenge to the adequacy of medical care provided throughout the California state prison system).  Upon Kelso's appointment as receiver in 2008, the district court stated that "[t]he Receivership must continue to maintain its independence as an arm of the federal courts established to take over state operations . . . ." *Id*. at 5.  The district court ordered that "[a]ll powers, privileges, and responsibilities of the Receiver, as set forth in the Court's February 14, 2006 Order Appointing Receiver, shall continue in full effect, except as modified by subsequent orders...." *Id*.  In the February 14, 2006 Order Appointing Receiver, the district court ordered that

> [t]he Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court.

*Id*. at 6.  Those judicial immunities extend to immunity from suit. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ."); *see also Coleman v. Schwarzenegger*, 2007 WL 4276554 (E.D.Cal. Nov.29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the

---

[1] This doctrine is also referred to as "derivative judicial immunity." *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1303 (9th Cir.1989).  The Ninth Circuit noted that other circuits "have held uniformly that state court-appointed receivers are entitled to absolute immunity" on the premise that "receivers are court officers who share the immunity awarded to judges." *Id.,* quoting *Kermit Const. v. Banco Credito Y Ahorro Ponceno*, 547 F.2d 1, 2 (1st Cir.1976).

Court as the Court's officer" had judicial immunity). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). The two primary exceptions to the absolute judicial immunity are where the judge's action is "not taken in the judge's judicial capacity" and "though judicial in nature, is taken in the complete absence of all jurisdiction." *Id*. at 11-12.

Plaintiff's allegations solely attack Kelso's status as federal receiver and there is no allegation to support or otherwise even imply that Kelso acted "in the complete absence of all jurisdiction." Accordingly, Kelso is entitled to quasi-judicial immunity and this suit may not be maintained against him.

### 3. Exhibits

Plaintiff's Complaint refers to a number of exhibits which he referenced in compliance with Fed. R. Civ. Pro. 10(c). (*See e.g.* Doc. 1, 16:10, 16:23-25, 17:5-6)  However, no such exhibits were attached and filed with the Complaint. In any event, the submission of evidence is premature as Plaintiff is only required to state a *prima facie* claim for relief. For screening purposes, the Court must assume that Plaintiff's factual allegations are true. Thus, it is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. If Plaintiff chooses to file a first amended complaint, he would do well to simply state the facts upon which he alleges a Defendant has violated his constitutional rights and refrain from submitting or referring to any exhibits.

### 4. Linkage Requirement

The Civil Rights Act requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

As will be discussed in greater detail below, Plaintiff's allegations do not sufficiently link Director Cate, Warden Davey, CMO Beregovskaya, and SRN Marquez to his factual allegations Plaintiff must clearly identify which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his Complaint must put each Defendant on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).  Further, there are a number of prison personnel whom Plaintiff identifies in his allegations, but did not name as Defendants in this action.  If Plaintiff desires to proceed on any claims against such prison staff, he must name them as Defendants.

**D.      Claims for Relief**

**1. Deliberate Indifference to Serious Medical Needs**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the

presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).  For screening purposes, Plaintiff's post-operative condition and complications are accepted as a serious medical need.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319).  "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing:  (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122.  More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted).  Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*; *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

Plaintiff alleges that, following surgery, he was discharged to the ACH at CSP-Cor on January 23, 2014 with a prescription for medications and directions from the surgeon for Plaintiff to report to a physician or an Emergency Room if his symptoms returned or worsened.  (Doc. 1, p. 16-17.)  Plaintiff alleges that, he told R.N. B. Marean in the ACH that he needed his post-op

7

1    medications and she told him that he would receive them "on the yard." (*Id.*) Plaintiff never
2    received them. (*Id.*)

3          Plaintiff next alleges that, on January 26, 2014, at approximately 7:00 a.m., he was pushed
4    in a wheelchair to the clinic to pick up his morning medications at which time he informed LVN
5    Flores that he was in severe pain in his bladder and kidneys and that he was leaking blood from
6    his penis. (*Id.*, p. 18.) LVN Flores responded that it was not a medical emergency, that the red
7    on his boxers was not blood but Kool-Aid, and told him to submit a health care services request
8    form to be seen. (*Id.*)

9          Plaintiff was wheeled back to his building where he and the person pushing him in the
10   wheelchair informed C/O Huewe and the control booth officer that he was in pain and that
11   medical staff were not responsive, to which the control booth officer indicated that he would let
12   Plaintiff go back to medical at noon. (*Id.*) Around 11:30 a.m., the assistant wheeled Plaintiff
13   back to the clinic where he was again seen by LVN Flores and told her of his continuing pain as
14   well as that he was unable to urinate, had thick blood clots come out of his penis, and that he had
15   just had surgery and needed medical attention. (*Id.*, p. 19.) LVN Flores ignored Plaintiff. (*Id.*)
16   LVN Hamilton was also present for this exchange but did nothing. (*Id.*)

17         When Plaintiff and the assistant pushing his wheelchair arrived back at Plaintiff's building
18   they again relayed what happened to the control booth officer and C/O Huewe who asked if
19   Plaintiff wanted them to hit the alarm to which Plaintiff responded in the affirmative. (*Id.*) LVNs
20   Hamilton and Flores responded to the alarm and LVN Flores again stated that it was Kool-Aid,
21   not blood on Plaintiff's boxers and told custody staff that Plaintiff could go back to his cell and
22   wait to see the nurse the next day. (*Id.*, pp. 19-20.) C/O Huewe escorted Plaintiff back to his cell
23   and Plaintiff told him that he was in severe pain, dripping blood clots from his penis, and was
24   unable to urinate, but C/O Huewe responded that medical had already seen Plaintiff, so there was
25   nothing more he could do. (*Id.*, p. 20.)

26         On third watch, Plaintiff reported his problems to other floor staff officers (not named as
27   defendants) who let him call his mother, who thereafter called the hospital where Plaintiff's
28   surgery was performed. (*Id.*, p. 21.) At approximately 3:45 p.m., Plaintiff was seen at the clinic

by John Doe RN, whom Plaintiff told of his surgery, severe pain, and that Plaintiff had used a catheter trying to release his urine, but only blood clots came out. (*Id.*) John Doe RN looked and told Plaintiff he did not see any blood on his penis and told Plaintiff to see a nurse the next day. (*Id.*) When Plaintiff protested and asked John Doe RN "Why not do something now?" John Doe RN simply responded "I'm done." (*Id.*) When he returned to his cell, Plaintiff again called his mother and eventually a nurse from the hospital called CSP-Cor and told medical staff that Plaintiff was having a medical emergency which resulted in his return to the hospital at approximately 10:00 that evening. (*Id.*, pp. 21-22.)

These allegations state cognizable claims against LVN Flores and John Doe RN for deliberate indifference to Plaintiff's serious medical need. However, this does not state a cognizable claim against C/O Huewe as non-medical defendants cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor" and if "a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir.2005), citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Further, Plaintiff fails to state any allegations to show what more, besides sounding the alarm which was done, C/O Huewe could have done to obtain medical care for Plaintiff when the nursing staff declined treatment.

**2. Plata Settlement**

Plaintiff complains that Defendants fail to comply with the "Plata Plan."[2] Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir.1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the

---

[2] The Court assumes Plaintiff is referring to the rulings under *Plata v. Schwarzenegger*, No. C 01-1351 TEH, a class action concerning medical care in California's prisons.

class action." *Id.* Any asserted requests for injunctive relief are therefore dismissed. If Plaintiff wants to complain about a perceived failure to comply with the order in *Plata*, he may contact the plaintiff's class counsel in *Plata*.[3]

### 3. California Tort Claims Act

Under the California Tort Claims Act, set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board, and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776, (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239, (fn.omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov. Code, § 945.6, subd. (a)(1).

Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may

---

[3] Counsel for the plaintiff class in *Plata* is Donald H. Specter at the Prison Law Office, General Delivery, San Quentin, CA 94964.

proceed only if the claims were first presented to the state in compliance with the applicable requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008). Plaintiff fails to state any allegations to show compliance with the CTCA upon which to be allowed to pursue his claims under California law in this action.

### 4. Supervisory Liability

Plaintiff alleges that, based on their supervisory positions, Director Cate, Warden Davey, CMO Beregovskaya, and SRN Marquez are responsible for budgetary constraints and the implementation of policies/practices/customs that result in deliberate indifference toward the serious medical needs of prisoners.[4]

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or

---

[4] Plaintiff also alleges these Defendants failed to implement the *Plata* Settlement, but this is not cognizable for the reasons previously stated.

her own misconduct. *Id.*

Bare, conclusory assertions, such as Plaintiff makes here ". . . amount to nothing more than a 'formulaic recitation of the elements'" which "are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.*

Thus, Plaintiff's allegations against Director Cate, Warden Davey, CMO Beregovskaya, and SRN Marquez related to the *Plata* Settlement do not state a cognizable claim. Likewise, he has failed to state a claim that these supervisory personnel are liable merely because their subordinates violated Plaintiff's rights.

**E. <u>Conclusion</u>**

Plaintiff is given the choice to either file a first amended complaint or to proceed on the claims found cognizable in this order against Defendants LVN Flores and John Doe RN[5] for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. Plaintiff must either notify the Court of his decision to proceed on these cognizable claims, or file a first amended complaint **<u>within 30 days</u>** of the service of this order.

If Plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167

[5] The Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997). *See also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th Cir. 1970). "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, a plaintiff must be afforded an opportunity to identify the unknown defendants through discovery, unless it is clear that discovery will not reveal their identities or the complaint must be dismissed for other reasons. *Id.* Plaintiff must, at some point, identify John Doe RN by name in order to proceed on claims against him.

(9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 30 days** from the date of service of this order, Plaintiff must either:
   a. file a first amended complaint curing the deficiencies identified by the Court in this order, or
   b. notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order.

///
///
///
///

**If Plaintiff fails to comply with this order, it will be recommended that he be allowed to proceed only on the claims found cognizable herein and that all other claims and Defendants be dismissed with prejudice**.

IT IS SO ORDERED.

Dated: **November 17, 2016**          /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE