

Abel P. Reyes,#P-55763
Ca. State Prison-Corcoran
4001 King Avenue
P.O. Box 3461
CORCORAN,CALIFORNIA.93212

IN PRO PER



OCT 23 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

#### (FRESNO DIVISION)

| | |
|---|---|
| ABEL P. REYES, | Case No. 1:16-CV-00586-JLT (PC) |
| Plaintiff, | NOTICE OF MOTION; |
| Vs. | NOTICE OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT OF DECLARATION |
| M.FLORES,ET AL., | |
| Defendant(s). | Judge:   The Honorable Jennifer L. Thurston |
| | Action Filed:   April 26,2016 |

PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT OF DECLARATION.

The plaintiff moves pursuant to Rule 34 (b),and 37 (a), Fed. R. Civ. P.;for an order compelling the defendants to produce for inspection and copying the documents requested on July,26,17, and August,21,2017,and Sept.12,2017,and October,05,2017.

### BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

#### Statement of the Case

This is a 42 U.S.C. Section 1983 Civil Rights Complaint action filed on April 26,2016 by plaintiff Abel P. Reyes at California State Prison-Corcoran. The complaint alleged a cause of action of deliberate indifference under the eighth amendment, and the complaint alleged a cause of action under the Eighth Amendment § 1983 for medical care rights of serious medical need.

1

1  The plaintiff seeks damages to all claims

2  ## Statement of Facts

3      On July,26,2017, the plaintiff served a request for
4  production of documents pursuant to Rule 34, Fed. R. Civ. P. As
5  set forth in the plaintiff's declaration, the defendant M.Flores
6  has failed to produce production of documents.The defendant,
7  M.Flores served a response in which he objected to the
8  plaintiff's entire request. The defendant M.Flores did not
9  respond to this request within the 30 days or 45 days allowed.
10 And did not make any effort to obtain an extension from the court

11     On August,21,2017, the plaintiff served a request for
12 admissions pursuant to Rule 36, Fed. R. Civ. P. As set forth in
13 the plaintiff's declaration, The defendant M.Flores did not
14 respond to this request within the 30 days or 45 days allowed.

15     On August,21,2017, the plaintiff served a request for
16 first set of interrogatories to pursuant to Rule 33, Federal
17 Rules of Civil Procedure, As set forth in plaintiff's declaration
18 the defendant M.Flores served a response in which he objected to
19 the plaintiff's entire request. The defendant M.Flores did not
20 respond to this request within the 30 days or 45 days allowed.

21     On September,12,2017, the plaintiff, Reyes served a notice
22 to Matthew W. Roman, Deputy Attorney General Requesting for
23 Production of Documents Number "1" through "8" dated July,26,2017
24 As set forth in the plaintiff's declaration, the deputy attorney
25 general Matthew W. Roman has failed to produce production of
26 documents.

27     On October,05,2017, the plaintiff Abel P. Reyes served a
28 second notice to Matthew W. Roman, Deputy Attorney General

1 requesting for production of documents dated July,26,2017,

2 Requested No. "1" through "8", As set forth in the plaintiff's

3 declaration, the deputy attorney general Matthew W. Roman has

4 failed to produce production of documents. Plaintiff,Reyes

5 also requested for Admission, and Interrogatories dated August,

6 21,2017, As set forth in the plaintiff's declaration, the deputy

7 attorney general Matthew W. Roman has not yet fully completed

8 the investigation of the facts relating to this case.

9 <center>ARGUMENT I</center>

10 <center>POINT I</center>

<center>**DEFENDANT HAVE OBJECTED TO THE PLAINTIFF'S ENTIRE**
**REQUEST.THE DISCOVERY SOUGHT IS RELEVANT TO THE**
**CLAIMS AND DEFENSES IN THIS CASE**</center>

13 Defendant M.Flores' belated objections state that the

14 documents requested by the plaintiff Abel P. Reyes are irrelevant

15 to the action. Their argument is frivolous.

16 Rule 26(b)(1),Federal Rules of Civil Procedure, permits

17 discovery of "any nonprivileged matter that is relevant to any

18 party's claim or defense.

19 .....Relevant information need not be admissible at the trial if

20 the discovery appears reasonably calculated to lead to the

21 discovery of admissible evidence."

22 Each item sought by the plaintiff is relevant to the claims

23 and defenses in the case, as explained below.

24 A.Documents relevant to past complaints and discipline againts

25 defendant M.Flores, and other medical staff ect."

26 Item 1 of the plaintiff's request seeks "Any and all

27 information about previous complaints and discipline againsts

28 defendant M.Flores and other medical staff at california state

<center>3</center>

1  prison-corcoran.

2      The defendant M.Flores states generally in his objections

3  that "the request is vague and ambiguous, and overly broad, and

4  that the request is not relevant nor reasonably calculated to

5  lead to the discovery of admissible evidence to this action."

6  The defendant M.Flores objections is incorrect.

7      First, the plaintiff does not seek "Personal Records" in any

8  general way. Plaintiff seeks documents pertaining to particular

9  kinds of complaints and allegations about defendant M.Flores or

10  other medical staffs ect." Whether or not they are part of

11  "personal records." Plaintiff does not seek other matters that

12  may be in personal records, such as information about their

13  records of lateness, leaves, vacations, etc.

14      Second, the kind of information sought is highly relevant.

15  The plaintiff has alleged that repeated complaints about the

16  denial of access to medical care and the denial of access to

17  appropriate and competent medical care and the delays and denials

18  of prescribed treatment of inmates have been made about one of

19  the defendants, and that nothing has been done about them.

20  Evidence to that effect would be highly relevant to the claim.

21  See 2017 U.S.  Dist. LEXIS 18738: Estrada V. Macis: Feb.8,2017);

22  Baldhosky V. Hubbard, 2017 U.S. Dist. LEXIS 1770 Jan.5,2017).

23      This evidence may also support the claim against the

24  defendants. Rule 404(b),Fed. R. Evid.,provides,"Evidence of other

25  crimes,wrongs,or acts is not adimissible to prove the character

26  of a person in order to show that he acted in conformity there-

27  with.It may,however,be admissible for other purposes,such as

28  proof of motive,opportunity,intent,preparation,plan, ect.

4

ARGUMENT II

POINT II
PURSUANT TO RULE 33 (b) of THE FEDERAL RULES OF
CIVIL PROCEDURE, ANSWERS AND OBJECTIONS ARE DUE
WITHIN 45 DAYS OF SERVICE, DEFENDANT HAS "FAILED
TO SERVE A RESPONSE IN A TIMELY MANNER (i.e.,
Within 45 days of service)

The plaintiff served a request of first set of Interrogator-
ies pursuant to Rule 33, the defendant M.Flores has failed to
serve a response in a timely manner within forty-five days (45)
days of service; See; VERKUILEN V. SOUTH SHORE BUILDING &
MORTGAGE CO., 122 F.3d 410,411 (7th Cir. 1997).

Failure to serve a response in a timely manner within thirty
days (30) days or forty-five days (45) days of service) may
constitute a waiver of all objections. See; BANKS V. OFFICE OF
SENATE SERGEANT AT-ARMS, 222 F.R.D. 7,21 (D.D.C. 2004);
JAYNE H. LEE, INC. V. FLAGSTAFF INDUS. CORP., 173 F.R.D. 651,653
(D.MD.1997).

The defendant M.Flores has been evasive to his responses and
the defendant M.Flores is invading his way out of it. Rule 37(a),
(3) states that an evasive or incomplete answer or disclosure
is treated as a failure to answer or disclose. See; International
Broth. of Elec. Workers, Local Union No. 545 V. Hope Elec. Corp.,
380 F.3d 1084, 1105 (8th Cir. 2004); Dotson V. Bravo, 321 F.3d
663, 667 (7th Cir. 2003) (incomplete or evasive responses to
interrogatories can support dismissal of the entire action).

The defendant M.Flores is stone-walling the plaintiff. Fact,
Evidence need not be admissible to be relevant, and thus
discoverable. See; SEATTLE TIMES CO. V. RHINEHART, 467 U.S. 20,
104 S.Ct. 2199, 81 L.Ed. 2d 17 (1984);

5

KLEIN V. AIG TRADING GROUP INC., 228 F.R.D. 418, (D.CONN. 2005); Bruggeman ex rel Bruggeman V. Blagojevich, 219 F.R.D. 430, 432 (N.D.I 11. 2004). Rule 26(b)(1), states that relevant inadmissible evidence is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence. See; UNITED STATES V. R&F PROPERTIES OF LAKE COUNTY INC., 433 F.3d, 1349,1359 (11th Cir. 2005).

The plaintiff Abel P. Reyes served a request Notice To; Matthew W. Roman, Deputy Attorney General Requesting "Production of Documents",Request No.1 Thru No.8),Dated; July,26,2017). The deputy attorney general,Matthew W. Roman has failed to serve a response in a timely manner and has failed to produce production of documents as requested.

Plaintiff,Abel P. Reyes hereby request this court that the deputy attorney general,Matthew W. Roman produce production of documents number 1 thru 8, as requested , and the court should impose certain sactions pursuant to Rule 37(d),Fed. R. Civ. P.,.

### ARGUMENT III
### POINT III
**PURSUANT TO RULE 37 (a)(2)(A), FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY AND PURSUANT TO RULE 26 (a)(1), OF THE FEDERAL RULES OF CIVIL PROCEDURE AND PURSUANT FED. R. CIV. P. 45**

Plaintiff,Abel P. Reyes Has Contacted the Opposing Party's Attorney On September,12,2017, and On October,05,2017, Concerning his discovery dispute and have not received no response to these two "Notice", The only response plaintiff received from the deputy attorney general,Matthew W. Roman was on Sept.12,2017, in the evening, and the letter was dated September,8,2017.

Plaintiff should be given an opportunity to identify the

1   defendant John Doe or Non-Party Witnesses through limited
2   discovery. See; Gillespie V. Civiletti, 629 F. 2d 637,642,
3   (9th Cir. 1980)(holding that where a plaintiff is unaware of the
4   identity of alleged defendants. "Plaintiff should be given an
5   opportunity through discovery to identify the unknown defendant,
6   (s) and non-party witnesses. See; Fed. R. Civ. P. 26(d),
7   (Prohibiting Discovery Prior to a Rule 26(f),Fed. R. Civ. P.,
8   conference except" when authorized....by court order").
9
10       for these reasons the material sought is relevant and should
     be produced.
11
12                          CONCLUSION
13       For the foregoing reasons,the court should grant plaintiff's
14   motion to compel discovery.
15
16   DATED: OCTOBER,17,2017
17
18   BY:
          ABEL P. REYES,PLAINTIFF,
19        #P-55763
          CAL. STATE PRISON-CORCORAN
20        4001 KING AVENUE,
          P.O. BOX 3461
21        CORCORAN, CA. 93212-3461
22            IN PRO PER
23
24
25   ABEL P. REYES V. M.FLORES, et al.
26   Plaintiff,      Defendant(s).
27   CASE NO. 1:16-CV-00586-JLT (PC)
28


                          7

**D E C L A R A T I O N**
IN SUPPORT OF
MOTION TO COMPEL

Abel P. Reyes, declares under penalty of perjury:

1. I am the plaintiff in this case. I make this affidavit in support of my motion to compel discovery.

2. On September,12,2017, and On October,5,2017, I served on the defendants counsel two different Notice requesting for production of documents, (REQUEST NO.1 thru NO.8), which is attached to this declaration as Exhibit "A").

3. On September,8,2017, defendant M.Flores responded to my document request by filling objections to the production of any of the materials sought. A copy of their objections is attached hereto as Exhibit "B").

4. Defendant's objections on the ground that the discovery sought is irrelevant, vague, ambiguous., burdensome, overbroad, and unduly and privileged, have no merit, as set forth in the brief accompanying this motion.

5. On July,26,2017, the plaintiff served a request for production of documents pursuant to Rule 34. See attached, Exhibit "C").

6. On August,21,2017, the plaintiff served a request for admissions pursuant to Rule 36, and plaintiff served a request for first set of interrogatories to pursuant to Rule 33. See; attached Exhibit "D").

7. On October,5,2017, the defendant M.Flores objects and responses to plaintiff's first set of interrogatories, and the defendant M.Flores objects in part and deny in part, and

1    admit in part of responses to plaintiff's first set of admission.

2    See attached **Exhibit "E")**.

3     8. Defendant M.Flores has failed to serve a response in a

4    timely manner within (30) days or (45) days of service. See;

5    attached **Exhibit "F")**.

6

7        I declare under penalty of perjury that the foregoing is true

8    and correct to the best of my knowledge. This declaration was

9    executed on **October,17,2017,** at Corcoran, California. 93212-3461

10

11

12                          ABEL P. REYES, PLAINTIFF,
                            #P-55763
13                          CA. STATE PRISON-CORCORAN
                            4001 KING AVENUE
14                          P.O. BOX 3461
                            CORCORAN, CALIFORNIA.93212-3461

15

16

17

18

19

20

21

22                    **D E C L A R A T I O N**

23

24

25

26

27

28

# EXHIBIT

# A

1  Abel Reyes,#P-55763
   Ca. State Prison-Corcoran
2  4001 King Avenue
   P.O. Box 3461
3  CORCORAN,CALIFORNIA.93212

4     IN PRO SE

5

6              IN THE UNITED STATES DISTRICT COURT

7           FOR THE EASTERN DISTRICT OF CALIFORNIA

8  ABEL REYES,              ) Case No. 1:16-CV-00586-DAD-JLT (PC)
                            )
9          Plaintiff,       ) Notice To Matthew W. Roman,
                            )
10      Vs.                 ) DEPUTY ATTORNEY GENERAL.,
                            ) PLAINTIFF,ABEL P. REYES IS REQUESTING,
11  M.FLORES,ET AL.,        ) (REQUEST NO. 1 Through NO. 8).,
                            )
12      Defendant(s). ) OF PRODUCING PRODUCTION OF DOCUMENTS
                            )
13

14     To the Deputy Attorney General,MATTHEW W. ROMAN Attorney for
15  defendant, M.FLORES,ET AL.,

16     PLEASE TAKE NOTICE that plaintiff Abel P. Reyes, Request for
17  Production of Documents from defendant(s) M.FLORES,ET AL.,Dated;
18  JULY,26,2017 REQUEST NO. 1 Through 8),The defendant(s) M.Flores
19  did not respond to this request within the 30 days allowed. Its
20  been over 45 days with no response of this request for production
21  of documents, which is attached hereto as Exhibit "A").

22     Plaintiff,Abel P. Reyes is requesting defendant,M.Flores
23  Counsel Matthew W. Roman to respond immediately.

24     The Plaintiff Abel Reyes is requesting "relevant information
25  to the claims and defenses in this case!

26     Plaintiff Abel P. Reyes is asking Matthew W. Roman,Deputy
27  Attorney General, Attorney for Defendant, M.Flores, What is the
28  time frame of "Producing of Production of Documents"that

                              1

1  plaintiff, Reyes is requesting. **(REQUESTING NO. 1 Thru NO. 8),**

2  SEE attached **Exhibit "A").**  ?

3

4

5  DATED: SEPTEMBER,12,2017

6

7  BY: _____
   PLAINTIFF,ABEL P. REYES,#P-55763
8  CA. STATE PRISON-CORCORAN
   4001 KING AVENUE
9  P.O. BOX 3461
   CORCORAN,CA.93212-3461
10

11

12  CASE NAME: ABEL P. REYES Vs. M.FLORES

13  CASE NO. 1:16-CV-00586-DAD-JLT (PC)

14

15

16

17                    **VERIFICATION**

18      PLAINTIFF,ABEL P. REYES, DECLARES UNDER PENALTY OF PERJURY

19  THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED THIS 12 DAY OF

    SEPTEMBER,12,2017, at CORCORAN, CALIFORNIA. 93212-3461
20

21

22                         RESPECTFULLY SUBMITTED

23                         _____
                           ABEL P. REYES,PLAINTIFF
24
                              IN PRO SE
25

26

27

28

                              2

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746) ·

I,  ABEL P. REYES _____, declare:

I am over 18 years of age and a party to this action. I am a resident of  CALIFORNIA STATE

_____ PRISON-CORCORAN _____ Prison,

in the county of  KINGS COUNTY _____,

State of California. My prison address is:  4001 KING AVENUE   P.O. BOX 3461 ____,

_____ CORCORAN, CALIFORNIA 93212-3461 _____.

On  SEPTEMBER, 14, 2017 _____,
          (DATE)

I served the attached:  NOTICE TO.MATTHEW W. ROMAN,DEPUTY ATTORNEY GENERAL

PLAINTIFF IS REQUESTING,(REQUEST NO.1 thru NO.8),OF PRODUCING
                (DESCRIBE DOCUMENT) PRODUCTION OF DOCUMENTS.

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

                    OFFICE OF THE ATTORNEY GENERAL,
                    MATTHEW W. ROMAN
                    DEPARTMENT OF JUSTICE
                    1300 I STREET, Suite 125
                    P.O. BOX 944255
                    SACRAMENTO, CALIFORNIA. 94244-2550
I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on SEPT. 14, 2017 _____          _____
            (DATE)                          (DECLARANT'S SIGNATURE)

ODMA\PCDOCS\WORDPERFECT 22832 1

ABEL P. REYES,#P-55763

PLAINTIFF,  IN PRO SE          CA.STATE PRISON-CORCORAN

                               4001  KING AVENUE
                               P.O. BOX 3461
                               CORCORAN, CALIFORNIA.
                                          93212-3461


                    OCTOBER,5,2017


MATTHEW W. ROMAN
1300  I STREET,SUITE 125
P.O. BOX 944255
SACRAMENTO,CA.94244-2550


RE: Abel P. Reyes Vs. M.Flores,et al.
    United States District Court,Eastern Dist. of California,
    Case No. 1:16-CV-00586-JLT (PC)


TO Deputy Attorney General, Matthew W. ROMAN:

    I, Plaintiff,Reyes have not received no response from the
Notice addressed to Matthew W. Roman that i mailed on september,
14,2017 of"PROOF OF SERVICE",I Plaintiff Abel P. Reyes Requested
For Production of Documents From defendant M.Flores Dated;
July,26,2017 Request NO.1 Through 8),The defendant M.Flores or
The Attorney General,MATTHEW W. ROMAN did not respond to this
request within 30 days allowed. Its been over 71 days with no
response of this request for "Production of Documents", Which is
attached hereto as Exhibit "A").

    The plaintiff Reyes is requesting "relevant information to
the claims and defenses in this case".

    The documents im requesting are not in my Central File.
In Request "1",Im requesting the names of the medical staffs at
"ACH" Acute Care Hospital at Corcoran State Prison at the E.R.
Which is the Emergency Room or T.T.A. TRIAGE & TREATMENT AREA on
second watch dated JANUARY,26,2014 and third watch.This is also
at the 3B-Clinic on second watch and third watch of the names of
all medical staffs ect.

    I, Plaintiff Reyes have not received no responses of my
request for "Admission"and "Interrogatories Dated AUGUST,21,2017,
Its been over 44 days from todays date.

    PLAINTIFF REYES is requesting defendant,M.Flores Counsel
MATTHEW W. ROMAN to respond immediately.

                         Sincerely,

                         ABEL P. REYES,Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ABEL P. REYES,

                Plaintiff,

v.                                         Case Number:  1:16-CV-00586-JLT(PC)

M.FLORES,et al.,

                Defendant.                 PROOF OF SERVICE

_____ /

I hereby certify that on     OCTOBER,05,2017            , I served a copy

of the attached   Notice Letter TO;Attorney General,MATTHEW W. ROMAN
DATED : OCTOBER,05,2017 WITH EXHIBIT "A" DOCUMENTS

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at CALIFORNIA STATE PRISON-
CORCORAN 4001 KING AVENUE. P.O. BOX 3461 CORCORAN,CA.93212-3461

(List Name and Address of Each
Defendant or Attorney Served)         TO; ATTORNEY GENERAL,
                                      MATTHEW W. ROMAN
                                      1300 I. Street. Suite 125
                                      P.O. Box 944255
                                      SACRAMENTO,CA.94244-2550

I declare under penalty of perjury that the foregoing is true and correct.

                    Abel P. Reyes

                (Signature of Person Completing Service)

# EXHIBIT

# B

1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  ALBERTO L. GONZALEZ , State Bar No. 117605
   Supervising Deputy Attorney General
3  MATTHEW W. ROMAN, State Bar No. 267717
   Deputy Attorney General
4   1300 I Street, Suite 125
   P.O. Box 944255
5  Sacramento, CA 94244-2550
   Telephone: (916) 210-6239
6  Fax: (916) 322-8288
   E-mail: Matthew.Roman@doj.ca.gov
7  *Attorneys for Defendant*
   *M. Flores*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10                      FRESNO DIVISION

11

12

13  **ABEL P. REYES,**                      1:16-cv-00586 JLT (PC)

14                      Plaintiff,    **DEFENDANT'S RESPONSE TO
                                      PLAINTIFF'S FIRST REQUEST FOR**
15          **v.**                    **PRODUCTION OF DOCUMENTS**

16                                    Date:
    **M. FLORES, et al.,**            Time:
17                                    Courtroom:
                        Defendants.   Judge:      The Honorable Jennifer L.
18                                                Thurston
                                      Trial Date:
19                                    Action Filed: April 26, 2016

20

21  PROPOUNDING PARTY:   Plaintiff, ABEL P. REYES

22  RESPONDING PARTY:    Defendant, M. FLORES

23  SET NUMBER:          ONE

24      In accordance with Federal Rule of Civil Procedure 34, Defendant Flores submits the

25  following responses to Plaintiff's first request for production of documents.

26      The information provided in these responses is true and correct, according to the

27  Defendant's best knowledge at this time.  Defendant reserves the right to produce evidence of any

28

                                    1

1  subsequently discovered facts or interpretations thereof, and to correct, amend, modify, or

2  otherwise change the responses, in accordance with applicable discovery rules.

3  <div align="center">**RESPONSES TO REQUESTS**</div>

4  **REQUEST FOR PRODUCTION NO. 1:**

5  Any and all names, titles, and duties of all staff members at Acute Care Hospital ("ACH"),

6  and at the 3B-Clinic who have responsibility for ensuring that inmates' request for medical

7  emergency attention are responded to.  If those duties are set forth in any job description or other

8  document, produce the document(s), dated; January 26, 2014, during second watch and third, on

9  Sunday, at California State Prison – Corcoran.

10  **RESPONSE TO REQUEST NO. 1:**

11  Responding Party objects to this request on the grounds that the request is vague and

12  ambiguous.  Responding Party does not know what Plaintiff means by "request for medical

13  emergency," "those duties," or "on Sunday."  Responding Party further objects on the grounds

14  that the request is vague as to time.  Responding Party further objects on the grounds that the

15  request is compound and overly broad.  Responding party further objects on the grounds and to

16  the extent that this request is not relevant nor reasonably calculated to lead to the discovery of

17  admissible evidence.

18  **REQUEST FOR PRODUCTION NO. 2:**

19  Any and all timekeeping records or prison medical policies.

20  **RESPONSE TO REQUEST NO. 2:**

21  Responding Party objects to this request on the grounds that the request is vague and

22  ambiguous.  Responding Party does not know what Plaintiff means by "timekeeping records."

23  Responding Party further objects on the grounds that the request is vague as to time.  Responding

24  Party further objects on the grounds that the request is compound and overly broad.  Responding

25  party further objects on the grounds and to the extent that this request is not relevant nor

26  reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further

27  objects on the grounds and to the extent that the request seeks confidential and restricted security

28

<div align="center">2</div>

1   information, and it seeks information protected by the Constitutional right to privacy of

2   Responding Party and third parties.

3   **REQUEST FOR PRODUCTION NO. 3:**

4       Any and all documents such as duty rosters and personnel records dated January 26, 2014,

5   of Sunday during second watch and third watch, So the plaintiff could identify the nurse John

6   Doe, and other medical staff at ("ACH"), and at the 3B-Clinic at California State Prison –

7   Corcoran.

8   **RESPONSE TO REQUEST NO. 3:**

9       Responding Party objects to this request on the grounds that the request is vague and

10   ambiguous.  Responding Party does not know what Plaintiff means by "duty rosters" or "of

11   Sunday."  Responding Party further objects on the grounds that the request is vague as to time.

12   Responding Party further objects on the grounds that the request is compound and overly broad.

13   Responding Party further objects on the grounds and to the extent that the request seeks

14   confidential and restricted security information, and it seeks information protected by the

15   Constitutional right to privacy of Responding Party and third parties.

16   **REQUEST FOR PRODUCTION NO. 4:**

17       Any and all production of information about previous complaints against defendant M.

18   Flores at C.S.P. – Corcoran.

19   **RESPONSE TO REQUEST NO. 4:**

20       Responding Party objects to this request on the grounds that the request is vague and

21   ambiguous.  Responding Party does not know what Plaintiff means by "production of

22   information" or "complaints."  Responding Party further objects on the grounds that the request is

23   vague as to time.  Responding Party further objects on the grounds that the request is compound

24   and overly broad.  Responding party further objects on the grounds and to the extent that this

25   request is not relevant nor reasonably calculated to lead to the discovery of admissible

26   evidence.  Responding Party further objects on the grounds and to the extent that the request

27   seeks confidential and restricted security information, and it seeks information protected by the

28

3

1  Constitutional right to privacy of Responding Party and third parties.  Responding Party further

2  objects to this request on the grounds and to the extent that it seeks information protected by the

3  official information privilege.

4  **REQUEST FOR PRODUCTION NO. 5:**

5      Any and all production of discipline and personnel complaints against defendant M. Flores.

6  **RESPONSE TO REQUEST NO. 5:**

7      Responding Party objects to this request on the grounds that the request is vague and

8  ambiguous.  Responding Party does not know what Plaintiff means by "production of discipline"

9  or "complaints."  Responding Party further objects on the grounds that the request is vague as to

10  time.  Responding Party further objects on the grounds that the request is compound and overly

11  broad.  Responding party further objects on the grounds and to the extent that this request is not

12  relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding

13  Party further objects on the grounds and to the extent that the request seeks confidential and

14  restricted security information, and it seeks information protected by the Constitutional right to

15  privacy of Responding Party and third parties.  Responding Party further objects to this request on

16  the grounds and to the extent that it seeks information protected by the official information

17  privilege.

18  **REQUEST FOR PRODUCTION NO. 6:**

19      Any and all production of documents of records of training that has been provided to

20  defendant M. Flores on medical services, policies and procedures, emergency medical response

21  system policy, etc.  The time frame for this discovery request is the time defendant came

22  employed by the California Department of Corrections to the present.

23  **RESPONSE TO REQUEST NO. 6:**

24      Responding Party objects to this request on the grounds that the request is vague and

25  ambiguous.  Responding Party does not know what Plaintiff means by "medical services, policies

26  and procedures, emergency medical response system policy, etc."  Responding Party further

27  objects on the grounds that the request is compound and overly broad.

28

4

1    **REQUEST FOR PRODUCTION NO. 7:**

2      Any and all production of documents of information of defendant M. Flores of his

3    interview dated April 30, 2014, and all other interviews of witnesses dated May 04, 2014 and

4    May 08, 2014, at all times relevant to this complaint.

5    **RESPONSE TO REQUEST NO. 7:**

6      Responding Party objects to this request on the grounds that the request is vague and

7    ambiguous.  Responding Party does not know what Plaintiff means by "production of documents

8    of information" or "his interview."  Responding Party further objects on the grounds that the

9    request is vague as to time.  Responding Party further objects on the grounds that the request is

10   compound and overly broad.  Responding party further objects on the grounds and to the extent

11   that this request is not relevant nor reasonably calculated to lead to the discovery of admissible

12   evidence.  Responding Party further objects on the grounds and to the extent that the request

13   seeks confidential and restricted security information, and it seeks information protected by the

14   Constitutional right to privacy of Responding Party and third parties.

15   **REQUEST FOR PRODUCTION NO. 8:**

16     Any and all documents such as correspondence, memoranda, notices, handwritten or typed

17   notes, agendas, analyses, reports, reviews, telegrams, electronic information retrieval system

18   (such as e-mail), computer records, phone message pads, etc., of January 26, 2014, during second

19   watch and third watch of Sunday at Ca. State Prison – Corcoran at Acute Care Hospital ("ACH"),

20   and 3B-Yard.

21   **RESPONSE TO REQUEST NO. 8:**

22     Responding Party objects on the grounds that the request is compound and overly

23   broad.  Responding party further objects on the grounds and to the extent that this request is not

24   relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding

25   Party further objects on the grounds and to the extent that the request seeks confidential and

26   restricted security information, and it seeks information protected by the Constitutional right to

27   privacy of Responding Party and third parties.

28

1

Dated:  August 8, 2017

Respectfully submitted,

2

3

XAVIER BECERRA
Attorney General of California
ALBERTO L. GONZALEZ
Supervising Deputy Attorney General

4

5

6

MATTHEW W. ROMAN
Deputy Attorney General
*Attorneys for Defendant*
*M. Flores*

7

8

9

SA2017303679
32993981.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Abel P. Reyes v. M. Flores, et al.**
No.:         **1:16-cv-00586 JLT (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>September 8, 2017</u>, I served the attached

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Abel Reyes
P-55763
California State Prison - Corcoran
P.O. Box 3466
Corcoran, CA  93212-3466

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on September 8, 2017, at Sacramento, California.

| | |
|---|---|
| A. Bachinsky | |
| Declarant | Signature |

SA2017303679
33039220.docx

# EXHIBIT

# C

Abel P. Reyes,#P-55763
California State Prison-Corcoran
4001 King Avenue.
P.O. Box 3461
CORCORAN,CALIF.93212-3461

In Pro Se

RECEIVED

JUL 31 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL P. REYES,

      Plaintiff,

        vs.

M.FLORES,ET AL.,

      Defendant(s).

) Case No. 1:16-CV-00586-DAD-JLT (PC)
)
) PLAINTIFF'S FIRST REQUEST FOR
) PRODUCTION OF DOCUMENTS
)
)
) Judge:  The Honorable Jennifer L.
)         Thurston
)
) Action Filed:  April 26,2014

Plaintiff request, Pursuant to Rule 34 of the Federal Rules of Civil Procedure, that (1) defendant(s) produce for inspection and copying the documents and tangible things described below; and (2) Within 30 Days after service of this request, Serve a written response pursuant to Rule 34 (b) of the Federal Rules of Civil Procedure.

REQUEST FOR PRODUCTION OF DOCUMENTS

Request No.1:

Any and all names, titles, and duties of all staff members at Acute Care Hospital ("ACH"),and at the 3B-Clinic who have responsibility for ensuring that inmates' request for medical emergency attention are responded to. If those duties are set forth in any job description or other document, produce the document(s),dated; January 26,2014,during second watch and third, on sunday,At California State Prison-Corcoran.

1

Request No.2:

**Any and all** timekeeping **records or** prison medical policies.

Request No.3:

Any and all documents such as duty rosters and personnel records dated january 26,2014, of sunday during second watch and third watch, So the plaintiff could identify the nurse John Doe, and other medical staff at ("ACH"), and at the 3B-Clinic at California State Prison-Corcoran.

Request No.4:

Any and all production of information about previous complaints againsts defendant M.Flores at C.S.P.-CORCORAN.

Request No.5:

Any and all production of discipline and personnel complaints against defendant M.Flores.

Request No.6:

Any and all production of documents of records of training that has been provided to defendant M.Flores on medical services, policies and procedures, emergency medical response system policy, ect. The time frame for this discovery request is the time defendant M.Flores came employed by the California Department of Corrections to the present.

Request No.7:

Any and all production of documents of information of defendant M.Flores of his interview dated April 30,2014, and all other interviews of witnesses dated May 04,2014 and May 08,2014, at all times relevant to this complaint.

Request No.8:

Any and all documents such as correspondence, memoranda,

2

notices, handwritten or typed notes, agendas, analyses, reports, reviews, telegrams, electronic information retrieval system (such as e-mail), computer records, phone message pads, etc., of january 26,2014, during second watch and third watch of sunday at Ca. State Prison-Corcoran at Acute Care Hospital ("ACH"), and 3B-Yard.

Dated: JULY,26,2017

Signature of plaintiff

ABEL P. REYES,#P-55763
C.S.P.-CORCORAN
4001 KING AVENUE.
P.O. BOX 3461
CORCORAN,CA.93212-3461

In Pro Se

3

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __ABEL P. REYES__ _____, declare:

I am over 18 years of age and a party to this action. I am a resident of __CITY OF CORCORAN,__

__CORCORAN STATE__ Prison,

in the county of __KINGS COUNTY__ _____,

State of California. My prison address is: __C.S.P. – COR CORAN 4001 KING AVENUE,__

__P.O.BOX 3461 CORCORAN, CA. 93212-3461__ _____.

On __JULY. 26, 2017__ _____,
(DATE)

I served the attached: __Plaintiff's FIRST REQUEST FOR__

__PRODUCTION OF DOCUMENTS__ _____
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

STATE OF CALIF.
OFFICE OF ATTORNEY GENERAL
MATTHEW W. ROMAN
DEPARTMENT OF JUSTICE
P.O. BOX 944255
SACRAMENTO, CA. 93721 – 1318

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on __JULY. 26, 17__ _____  ___Abel P. Reyes___
(DATE)  (DECLARANT'S SIGNATURE)

# EXHIBIT

# D

ABEL P. REYES,#P-55763
CA. STATE PRISON-CORCORAN
4001 KING AVENUE.
P.O. BOX 3461
CORCORAN,CA.93212-3461

Plaintiff In Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

ABEL P. REYES,                    ) Case No. 1:16-CV-00586-DAD-JLT (PC )
                                  )
          Plaintiff,              ) PLAINTIFF'S FIRST REQUEST
                                  ) FOR ADMISSIONS
          vs.                     )
                                  ) Judge:   The Honorable Jennifer L.
M.FLORES,ET AL.,                  )              Thurston
                                  )
          Defendant(s).           )
                                  ) Action Filed: April 26,2016
_____ )

Propounding Party: Plaintiff, Abel P. Reyes
Responding Party: M.Flores

    "Plaintiff Abel P. Reyes Requests, Pursuant to Federal Rules
of Civil Procedure Rule 36, that Responding Party Defendant,
M.Flores admit that each of the following facts is true, Within
thirty (30) days after service of this document:

    "1. Admit that on January 26,2014, that plaintiff Abel P.
Reyes was a california resident, incarcerated at California State
Prison-Corcoran at the time of the incident on 3B-Yard.

1    "2. Admit that defendant M.Flores is a california resident,
2    and employed for the California Department of Corrections and
3    Rehabilitation at C.S.P.-CORCORAN is a Licensed Vocational Nurse
4    ("L.V.N.") at California State Prison-Corcoran at the time of
5    this incident of january,26,2014.

6

7    "3. Admit that on January,21,2014, Plaintiff Abel P. Reyes
8    underwent Turp Surgery at Delano Regional Medical Center in
9    Delano, California.

10

11   "4. Admit that on January,23,2014, while in post-op at
12   Delano Regional Medical Center, the nurse verbally instructed
13   plaintiff Reyes to ensure plaintiff Abel P. Reyes receive his
14   prescribed medication upon return to C.S.P.-CORCORAN.See attached
15   DISCHARGE MEDICATIONS, dated; 01-23-2014. true copy attached here
16   -to as Exhibit "A".)

17

18   "5. Admit that on January,23,2014 Plaintiff Reyes was given
19   a Written Discharge Instructions:

20                   1. Contact your physician or seek Emergency Care
21                      as needed for any Health Concerns or if
22                      Symptoms Worsen or Return.
23   See attached hereto Exhibit "B".)

24

25   "6. Admit that the Acute Care Hospital ("ACH") at California
26   State Prison-Corcoran contains Emergency Room Facilities, and at
27   least one (1) Registered Nurse ("RN") On-Site twenty-four (24)
28   hours a day, seven (7) days a week for Urgent/Emergent Health

                                2

1  Care. A Physician is also either On-Site or On-Call 24 Hours a
2  Day Seven (7) days a week.

3

4      "7. Admit that on january 26,2014 of sunday morning at
5  approximately 7:00 AM on second watch the ADA-WORKER J.Quezada
6  pushed plaintiff Reyes in a wheelchair to 3B-Clinic at C-Window
7  inside 3B-Clinic to pick up plaintiff Reyes morning medication.

8

9      "8. Admit that on january 26,2014 of sunday morning at
10  approximately 7:00 AM on second watch at the 3B-Clinic at Window-
11  "C", plaintiff Reyes informed defendant M.Flores "LVN",that I",
12  plaintiff Abel P. Reyes is in severe pain in my bladder and,
13  kidneys, and was leaking blood from my penis.

14

15      "9. Admit that on january 26,2014 of sunday morning at
16  approximately 7:00 AM on second watch at the 3B-Clinic The
17  Defendant M.Flores "LVN" stated it was not a medical emergency,
18  And defendant M.Flores stated to plaintiff Reyes fill out a
19  "HEALTH CARE SERVICE REQUEST FORM",(CDC 7362).

20

21      "10. Admit that on january 26,2014 of sunday morning at
22  approximately 7:00 AM on second watch at the 3B-Clinic at Window-
23  "C", Plaintiff Reyes showed fresh blood stains on his white
24  boxers to defendant M.Flores "LVN", The defendant M.Flores stated
25  it was not blood, it's kool-aid on my boxers.

26

27      "11. Admit that on january 26,2014 at approx: 7:00 AM on 2/W
28  at the 3B-Clinic pill-line defendant M.Flores failed to provide

3

1  plaintiff Reyes any medical attention, and failed to respond to
2  plaintiff's medical emergency, and failed to summon urgent/
3  emergent medical care or follow its procedures, by delaying my
4  prescribed treatment and causing plaintiff's pain and suffering
5  to be prolonged.

7  "12. Admit that on january 26,2014 at approximately 11:30 AM
8  of sunday at the 3B-Clinic pill line The ADA-Worker J.Quezada
9  pushed plaintiff Reyes in a wheelchair inside the 3B-Clinic at
10  C-Window and plaintiff Reyes stated again to defendant M.Flores
11  that I",plaintiff is still in severe pain in my bladder and,
12  kidneys and im unable to urinate and i have big thick amounts of
13  bloods clots coming out of my penis. I, plaintiff Reyes told
14  defendant Flores "LVN", that I, plaintiff Reyes just got surgery,
15  and i need medical attention.

17  '13. Admit that on january 26,2014 at approx: 11:30 AM on
18  second watch at the 3B-Clinic Defendant M.Flores "LVN" ignored
19  again plaintiff Reyes medical emergency.

21  "14.. Admit that on january 26,2014 of sunday on second watch
22  at approx: 1:07 PM Defendant M.Flores "LVN",and Miss T.Hamilton
23  responed to the alarm at 3B05 building.

25  "15. Admit that on january 26,2014 at approximately 1:07 PM
26  on second watch defendant M.Flores took plaintiff Reyes vital
27  signs and stated to plaintiff Reyes so this is how you wanna play
28  this game.

4

1    "16. Admit that on january 26,2014 at approximately 1:30 PM
2    on second watch of sunday defendant M.Flores "LVN", stated to
3    custody that plaintiff Abel P. Reyes could go back to his cell,
4    and could wait to see the Nurse tomorrow.

6    "17. Admit that on january 26,2014 the defendant M.Flores
7    "LVN" Violated Inmate Medical Services Policies and Procedures
8    Volume 4, Chapter 12 Emergency Medical Response System Policy.

10   "18. Admit that on January,26,2014 on third watch late sunday
11   evening plaintiff, Abel P. REYES was transferred to MERCY
12   HOSPITAL by ambulance and arrived at approximately 10:00 PM.

14   "19. Admit that On February,12,2014 plaintiff was discharge
15   back to 3B-Yard at Corcoran State Prison. See attached DISCHARGE
16   INSTRUCTION AT "ACH" ACUTE CARE HOSPITAL at Corcoran Prison
17   Dated; Feb.12,2014. true copy attached hereto as Exhibit "C".).

19   Pursuant to Fed. R. Civ. P. 36, ABEL P. REYES, Plaintiff,
20   request, Defendant M.FLORES to admit the following:

22   1. The following documents, copies of which are attached
23      to this request are genuine and are what they appear to
        be:
24
25   DISCHARGE MEDICATIONS, DATED 01-23-2014 FOR ABEL P. REYES.
     WRITTEN DISCHARGE INFORMATION DATED 01-23-2014 FOR ABEL P.
26   REYES MRN#6030938!(INSTRUCTION AT "ACH" DATED Feb.12,2014)!
27
28   DATED: AUGUST,16,2017    BY: PLAINTIFF,ABEL P, REYES,#P-55763

5

## PROOF OF SERVICE 'BY MAIL

By PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. 1746)

I, _____ ' _____ , DECLARE; _____

I am over 18 years of age and a party to this action. I am a

resident of City of Corcoran

CA. STATE PRISON-CORCORAN,

in the county of KINGS COUNTY

State of California. My Prison Address is CALIF STATE PRISON-COR.

4001 KING AVENUE P.O. BOX 3461  CORCORAN, CA.93212-3461

On  AUGUST, $2/$ 2017
        (DATE)

I served the attached: PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

                        To Defendant M.Flores
                            (DESCRIBE DOCUMENT)

on the parties herein by placing true copies thereof, enclosed in

a sealed envelope, with postage thereon fully paid, in the United

States Mail in a deposit box so provided at the above-named

correctional institution in which I am presently confined. The

envelope was addressed as follows:

                    OFFICE OF THE ATTORNEY GENERAL,
                    MATTHEW W. ROMAN
                    DEPARTMENT OF JUSTICE

                    1300 I Street, Suite 125

                    P.O. Box 944255

                    SACRAMENTO,CA.94244-2550

I declare under penalty of perjury under the laws of the United

States of America that the forgoing is true and correct.

Executed on **AUGUST,21,2017**

                                    (DECLARANTS SIGNATURE)

                                    IN PRO SE

1  Abel P. Reyes,#P-55763
   CA.STATE PRISON-CORCORAN
2  4001 KING AVENUE.
   P.O. BOX 3461
3  CORCORAN,CALIFORNIA.93212

4      In Pro Se

5

6              IN THE UNITED STATES DISTRICT COURT

7          FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9  ABEL P. REYES,            ) Case No. 1:16-CV-00586-JLT (PC)
                             )
10            Plaintiff,     ) PLAINTIFF'S FIRST SET OF
                             ) INTERROGATORIES To DEFENDANT FLORES
11            vs.            )
                             )
12  M.FLORES,ET AL.,         ) Judge: The Honorable Jennifer L.
                             )        Thurston
13            Defendant(s).  )
                             ) Action Filed: April 26,2014
14  _____     )

15

16      Pursuant to Rule 33 of the Federal Rules of Civil Procedure
    and Order of this Court, Plaintiff Abel P. Reyes (hereinafter
17  "Reyes"), hereby request that Defendant M.Flores answer the
    following interrogatories separately and fully under oath, in the
18  manner set forth in Rule 33, and accordance with the Definitions,
19  and Instructions set forth below, within thirty (30), Calendar
    days after service of these Interrogatories.
20

21                          DEFINITIONS

22      Unless otherwise indicated, the following definitions and
23  terms shall apply to these Interrogatories:

24      1. The terms "you" and "your" refer to you and anyone
25  purporting to act on your behalf, including but not limited to,
26  your attorneys, assistants, advisors, investigators, employees,
27  experts, consultants or custodians of records.

28      2. The terms "document" or documents" are intended to have

                              1.

the broadest possible meaning. These terms refer to, but are not limited to, any written, typed, printed, recorded, taped, copied, computerized, graphic or photographic material, however produced, or stored, including, without limitation, any data stored on computer tapes, disks or hard drives, including electronic mail and any sound or visual reproduction. The types of documents include, without limitation, preliminary, supplemental or final drafts of correspondence, letters, forms, teletypes, notes, memoranda, reports, studies, bulletins, logs, directives, announcements, notices, rules, regulations, instructions, procedure manuals, training materials, catalogs, transcripts, minutes, schedules, agendas, work assignments, and contracts. Specifically included are all files separately maintained by employees, representatives, experts, agents or consultants of the California Department of Corrections.

3. The term "CDCR" refers to the California Department of Corrections Rehabilitation, its agents, employees and anyone acting on its behalf.

4. The term "Corcoran" refers to the California State Prison Corcoran.

5. The term "relate to" means constitutes, mentions, discusses, describes, concerns, comments on or refers, relates or pertains to the subject matter of the request, directly or indirectly, in whole or in part.

6. The term "all" means any and all.

7. The term "any" means each and every.

8. An interrogatory to "identify" a writing or document means a request either to attach such as an exhibit to your

2.

1  answers to these interrogatories, or to describe such with
2  sufficient specificity that it may be made the subject of a
3  request for production of documents.

4    9. A request to "identify" an oral communication shall mean
5  a request to describe the communication with particularity,
6  including the identity of all parties to the communication, the
7  identity of the person whom you contend initiated the
8  communication, the identity of all persons present at the time
9  of the communication, and the time, date and place of the
10  communication.

11   10. A request to "identify" a person or individual, unless
12  otherwise stated, means to state his or her name, title, place of
13  employment, and present or last business addresses and telephone
14  numbers.

15                        · INSTRUCTIONS

16   1. With respect to each document required to be identified
17  by these interrogatories as to which a claim of privilge is
18  asserted, separately state the following: (a) the type of
19  document (e.g.,letter, memorandum, note, etc.); (b) the date of
20  the document; (c) the name, business address, and present
21  position of its author or authors; (d) the name and position of
22  its author or authors at the time of the document was prepared;
23  (e) the name, business address, and present position of its
24  addressee and all other recipients of the document; (f) the
25  position of its addressee and all other recipients at the time
26  the document was prepared and/or received; (g) a general
27  description of the subject of the document; (h) the basis of the
28  claim of privilege; and (i) if the basis of the claim of

                              3.

1 privilege is the work product doctrine, please identify the
2 proceeding for which the document was prepared.

3     2. With respect to any non documentary information or
4 communications, required to be identified or described by these
5 interrogatories as to which a claim of privilege is asserted,
6 separately state the following: (a) the basis of the claim of
7 privilege; (b) a general description of the subject of the
8 information or communication; (c) the identities of all person
9 or persons with knowledge of the information or communication;
10 (d) the date of the communication; (e) the identities of all
11 persons present when the communication took place; and (f) the
12 type of communication (i.e., face-to-face conversation, telephone
13 conversation) and location of each person(s) to the communication
14 at the time it took place.

15                   **INTERROGATORIES**

16 **INTERROGATORIES NO. 1:**

17     State all the positions you have held in the "CDCR" and the
18 dates you held them.

19

20 **INTERROGATORIES NO. 2:**

21     Identify any medical staff on second watch who were
22 scheduled for duty at Acute Care Hospital "ACH" at the Emergency
23 Room "ER", On the date of January,26,2014 of sunday at Corcoran
24 State Prison.

25

26 **INTERROGATORIES NO. 3:**

27     Identify the person that you spoke to on the telephone on
28 sunday on second-watch at approx: 1:07 PM. in 3B-05 On the date

1. of january,26,2014, at Corcoran State Prison.

2.

3. **INTERROGATORIES NO. 4.**

4.     Identify by name, date, duration, title and location any

5. training you have received concerning CDCR policies and

6. procedures on emergency medical response.

7.

8. **INTERROGATORIES NO. 5.**

9.     Defendant M.Flores,Did you submit any CDCR 7219 Medical

10. Incident Report, pertaining to plaintiff's medical emergency of

11. the day of january,26,2014?

12.

13.

14. Dated: AUGUST, 08, 2017

15.

16. By: _____
    ABEL P. REYES,Plaintiff

17.     CA.STATE PRISON-CORCORAN
    4001 KING AVENUE.

18.     P.O. BOX 3461
    CORCORAN,CALIFORNIA.93212-3461

19.        In Pro Se

20.

21.

22. Case No. 1:16-CV-00586-JLT (PC)

23. **ABEL P. REYES vs. M.FLORES,ET AL.,**

24.

25.

26.

27.

28.

5.

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _____ABEL P. REYES_____, declare:

I am over 18 years of age and a party to this action. I am a resident of City of Corcoran

Corcoran State- Prison,

in the county of _____KINGS COUNTY_____,

State of California. My prison address is: _CA-STATE PRISON-CORCORAN_____,

4001 KING AVENUE. P.O. BOX 3461 CORCORAN,CALIF.93212-3461_____.

On___AUGUST,$2l$,2017_____,
                        (DATE)

I served the attached: PLAINTIFF'S FIRST SET OF INTERROGATORIES TO

DEFENDANT M.FLORES_____.
                    (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

~~UNITED STATES DISTRICT COURT OF CA~~ ) OFFICE OF THE ATTORNEY GENERAL
~~CLERK OF THE COURT~~ ) MATTHEW W. ROMAN
~~EASTERN DISTRICT OF CALIF.~~ ) DEPARTMENT OF JUSTICE
~~2500 TULARE STREET #1501~~ ) 1300 I Street,Suite 125
~~FRESNO,CA.93721~~ ) P.O. Box 944255
                    ) SACRAMENTO,CA.94244-2550

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on AUGUST,$2l$,2017
            (DATE)                     (DECLARANT'S SIGNATURE)
                                        In Pro Se

# EXHIBIT
# E

1   XAVIER BECERRA, State Bar No. 118517
    Attorney General of California
2   ALBERTO L. GONZALEZ , State Bar No. 117605
    Supervising Deputy Attorney General
3   MATTHEW W. ROMAN, State Bar No. 267717
    Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA 94244-2550
      Telephone: (916) 210-6239
6     Fax: (916) 322-8288
      E-mail: Matthew.Roman@doj.ca.gov
7   *Attorneys for Defendant*
    *M. Flores*

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10                            FRESNO DIVISION

11

12

13  **ABEL P. REYES,**                    1:16-cv-00586 JLT (PC)

14                          Plaintiff,    **DEFENDANT M. FLORES' RESPONSE
                                          TO SPECIAL INTERROGATORIES,**
15             **v.**                     **SET ONE**

16                                        Action Filed:  April 26, 2016
    **M. FLORES, et al.,**
17
                          Defendants.
18

19  PROPOUNDING PARTY:   Plaintiff ABEL P. REYES

20  RESPONDING PARTY:    Defendant M. FLORES

21  SET NO.:             ONE

22                       **PRELIMINARY STATEMENT**

23      Defendant has not yet fully completed the investigation of the facts relating to this case and

24  has not yet fully completed discovery in this action. All of the responses contained herein are

25  based solely upon information and documents which are presently available to, and specifically

26  known by Defendant and disclose only those contentions which presently occur to Defendant. It

27  is anticipated that further discovery, independent investigation, legal research and analysis will

28  supply additional facts and lead to additions, changes, and variations from the answers herein.

                                            1

1    The following responses are given without prejudice to the right to produce evidence or

2    witnesses which Defendant may later discover.   Defendant accordingly reserves the right to

3    change any and all responses herein as additional facts are ascertained, witnesses identified and

4    legal research is completed.  The responses contained herein are made in good faith in an attempt

5    to supply as much factual information and as much specification of legal contention as is

6    presently known and should in no way prejudice Defendant in relation to further discovery and

7    proceedings.

8    **SPECIAL INTERROGATORY NO. 1:**

9    State all the positions you have held in the CDCR and the dates you held them.

10   **ANSWER TO SPECIAL INTERROGATORY NO. 1:**

11   Responding party objects to this interrogatory on the grounds and to the extent that this

12   request is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13   Responding Party further objects on the grounds and to the extent that the interrogatory seeks

14   confidential and restricted security information, and it seeks information protected by the

15   Constitutional right to privacy of Responding Party and third parties.  Subject to and without

16   waiving said objections, Responding Party responds as follows:

17   Responding Party was employed by the CDCR as a Licensed Vocational Nurse at

18   Corcoran State Prison at the time of the subject incident.

19   **SPECIAL INTERROGATORY NO. 2:**

20   Identify any medical staff on second watch who were scheduled for duty at Acute Care

21   Hospital "ACH" at the Emergency Room "ER", on the date of January 26, 2014 of Sunday at

22   Corcoran State Prison.

23   **ANSWER TO SPECIAL INTERROGATORY NO. 2:**

24   Responding Party objects to this interrogatory on the grounds and to the extent that the

25   request seeks confidential and restricted security information, and it seeks information protected

26   by the Constitutional right to privacy of Responding Party and third parties.  Responding Party

27   further objects to this interrogatory on the grounds that it is vague and ambiguous.  Responding

28   Party does not know what Plaintiff means by "scheduled for duty."  Subject to and without

2

1   waiving said objections, Responding Party responds as follows:

2       Responding Party has no specific recollection in this regard.  Responding Party is

3   continuing to search for records which provide information in this regard.  Responding Party will

4   provide an amended response as appropriate.

5   **SPECIAL INTERROGATORY NO. 3:**

6       Identify the person that you spoke to on the telephone on Sunday on second-watch at

7   approx.: 1:07 PM. In 3B-05 on the date of January 26, 2014, at Corcoran State Prison.

8   **ANSWER TO SPECIAL INTERROGATORY NO. 3:**

9       Responding Party objects to this interrogatory on the grounds and to the extent that the

10  request seeks confidential and restricted security information, and it seeks information protected

11  by the Constitutional right to privacy of Responding Party and third parties.  Subject to and

12  without waiving said objections, Responding Party responds as follows:

13      Responding Party has no specific recollection in this regard.  Responding Party is

14  continuing to search for records which provide information in this regard.  Responding Party will

15  provide an amended response as appropriate.

16  **SPECIAL INTERROGATORY NO. 4:**

17      Identify by name, date, duration, title and location any training you have received

18  concerning CDCR policies and procedures on emergency medical response.

19  **ANSWER TO SPECIAL INTERROGATORY NO. 4:**

20      Responding Party objects to this interrogatory on the grounds and to the extent that the

21  request seeks confidential and restricted security information, and it seeks information protected

22  by the Constitutional right to privacy of Responding Party and third parties.  Subject to and

23  without waiving said objections, Responding Party responds as follows:

24      Responding Party has no specific recollection in this regard.  Responding Party is

25  continuing to search for records which provide information in this regard.  Responding Party will

26  provide an amended response as appropriate.

27  ///

28  ///

3

1   **SPECIAL INTERROGATORY NO. 5:**

2          Defendant M. Flores, Did you submit any CDCR 7219 Medical Incident Report,

3   pertaining to plaintiff's medical emergency of the day of January 26, 2014?

4   **ANSWER TO SPECIAL INTERROGATORY NO. 5:**

5          Responding Party objects to this interrogatory on the grounds and to the extent that the

6   request seeks confidential and restricted security information, and it seeks information protected

7   by the Constitutional right to privacy of Responding Party and third parties. Subject to and

8   without waiving said objections, Responding Party responds as follows:

9          Responding Party has no specific recollection in this regard. Responding Party is

10  continuing to search for records which provide information in this regard. Responding Party will

11  provide an amended response as appropriate.

12  Dated: October 5, 2017                          Respectfully submitted,

13                                                  XAVIER BECERRA
                                                    Attorney General of California
14                                                  ALBERTO L. GONZALEZ
                                                    Supervising Deputy Attorney General
15

16

17                                                  MATTHEW W. ROMAN
                                                    Deputy Attorney General
18                                                  *Attorneys for Defendant*
                                                    *M. Flores*
19

20

21

22

23

24

25

26

27

28  SA2017303679
    33033923.doc
                                        4

1
2
3
4
5
6
7
8              **VERIFICATION TO FOLLOW**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Abel P. Reyes v. M. Flores, et al.**
No.:            **1:16-cv-00586 JLT (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On October 5, 2017, I served the attached **DEFENDANT M. FLORES' RESPONSE TO SPECIAL INTERROGATORIES, SET ONE** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Abel Reyes
P-55763
California State Prison - Corcoran
P.O. Box 3466
Corcoran, CA  93212-3466

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on October 5, 2017, at Sacramento, California.

| A. Bachinsky | Signature |
|---|---|
| Declarant | |

SA2017303679
33078370.docx

1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  ALBERTO L. GONZALEZ , State Bar No. 117605
   Supervising Deputy Attorney General
3  MATTHEW W. ROMAN, State Bar No. 267717
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-6239
6   Fax: (916) 322-8288
    E-mail: Matthew.Roman@doj.ca.gov
7  *Attorneys for Defendant*
   *M. Flores*

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10                             FRESNO DIVISION

11

12

13  **ABEL P. REYES,**                          1:16-cv-00586 JLT (PC)

14                              Plaintiff,       **DEFENDANT M. FLORES' RESPONSE
                                                 TO REQUESTS FOR ADMISSION, SET**
15                    v.                         **ONE**

16                                               Action Filed:  April 26, 2016
    **M. FLORES, et al.,**
17
                               Defendants.
18

19  PROPOUNDING PARTY:    Plaintiff ABEL P. REYES

20  RESPONDING PARTY:     Defendant M. FLORES

21  SET NO.:              ONE

22                          **PRELIMINARY STATEMENT**

23        Defendant has not yet fully completed the investigation of the facts relating to this case and

24  has not yet fully completed discovery in this action.  All of the responses contained herein are

25  based solely upon information and documents which are presently available to, and specifically

26  known by Defendant and disclose only those contentions which presently occur to Defendant.  It

27  is anticipated that further discovery, independent investigation, legal research and analysis will

28  supply additional facts and lead to additions, changes, and variations from the answers herein.

                                        1

1    The following responses are given without prejudice to the right to produce evidence or

2    witnesses which Defendant may later discover.   Defendant accordingly reserves the right to

3    change any and all responses herein as additional facts are ascertained, witnesses identified and

4    legal research is completed.  The responses contained herein are made in good faith in an attempt

5    to supply as much factual information and as much specification of legal contention as is

6    presently known and should in no way prejudice Defendant in relation to further discovery and

7    proceedings.

8    **REQUEST FOR ADMISSION NO. 1:**

9    Admit that on January 26, 2014, that plaintiff Abel P. Reyes was a California resident,

10   incarcerated at California State Prison – Corcoran at the time of the incident on 3B-Yard.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

12   Responding Party objects to this request on the grounds that it is vague and ambiguous.

13   Responding Party does not know what Plaintiff means by "the incident on 3B-Yard."  Subject to

14   and without waiving said objections, Responding Party responds as follows:

15   Admit.

16   **REQUEST FOR ADMISSION NO. 2:**

17   Admit that defendant M. Flores is a California resident, and employed for the California

18   Department of Corrections and Rehabilitation at C.S.P. – Corcoran is a Licensed Vocational

19   Nurse ("L.V.N.") at California State Prison – Corcoran at the time of this incident of January 26,

20   2014.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

22   Responding Party objects to this request on the grounds that it is vague and ambiguous.

23   Responding Party does not know what Plaintiff means by "this incident."  Subject to and without

24   waiving said objections, Responding Party responds as follows:

25   Admit.

26   **REQUEST FOR ADMISSION NO. 3:**

27   Admit that on January 21, 2014, Plaintiff Abel P. Reyes underwent Turp surgery at

28   Delano Regional Medical Center in Delano, California.

2

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2      Admit.

3  **REQUEST FOR ADMISSION NO. 4:**

4      Admit that on January 23, 2014, while in post-op at Delano Regional Medical Center, the

5  nurse verbally instructed plaintiff Reyes to ensure plaintiff Abel P. Reyes receive his prescribed

6  medication upon return to C.S.P. – CORCORAN. See attached DISCHARGE MEDICATIONS,

7  dated; 01-23-2014.  True copy attached hereto as Exhibit "A".)

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

9      Deny for lack of information and belief.

10 **REQUEST FOR ADMISSION NO. 5:**

11     Admit that on January 23, 2014 Plaintiff Reyes was given a Written Discharge

12 Instructions:

13     1.     Contact your physician or seek Emergency Care as needed for any Health

14 Concerns or if Symptoms worsen or return.

15     See attached hereto Exhibit "B".)

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

17     Deny for lack of information and belief.

18 **REQUEST FOR ADMISSION NO. 6:**

19     Admit that the Acute Care Hospital ("ACH") at California State Prison – Corcoran

20 contains Emergency Room Facilities, and at least one (1) Registered Nurse ("RN") On-Site

21 twenty-four (24) hours a day, seven (7) days a week for Urgent/Emergent Health care.  A

22 Physician is also either On-Site or On-Call 24 hours a day seven (7) days a week.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

24     Responding Party objects to this request on the grounds that it is vague and ambiguous.

25 Responding Party does not know what Plaintiff means by "Emergency Room Facilities."

26 Responding Party further objects to this request on the grounds that it is compound.  Subject to

27 and without waiving said objections, Responding Party responds as follows:

28     Admit.

3

1   **REQUEST FOR ADMISSION NO. 7:**

2       Admit that on January 26, 2014 of Sunday morning at apprόximately 7:00 AM on second

3   watch the ADA-WORKER J. Quezada pushed plaintiff Reyes in a wheelchair to 3B-Clinic at C-

4   Window inside 3B-Clinic to pick up plaintiff Reyes morning medication.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

6       Deny for lack of information and belief.

7   **REQUEST FOR ADMISSION NO. 8:**

8       Admit that on January 26, 2014 of Sunday morning at approximately 7:00 AM on second

9   watch at the 3B-Clinic at Window-"C", plaintiff Reyes informed defendant M. Flores "LVN",

10   that I", plaintiff Abel P. Reyes is in severe pain in my bladder and, kidneys, and was leaking

11   blood from my penis.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

13       Responding Party admits that Plaintiff was examined on January 26, 2014 for complaints

14   of bladder pain and blood in his urine.

15   **REQUEST FOR ADMISSION NO. 9:**

16       Admit that on January 26, 2014 of Sunday morning at approximately 7:00 AM on second

17   watch at the 3B-Clinic The defendant M. Flores "LVN" stated it was not a medical emergency,

18   and defendant M. Flores state to plaintiff Reyes fill out a "HEALTH CARE SERVICE

19   REQUEST FORM", (CDC 7362).

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

21       Deny for lack of information and belief.  Responding Party has no specific recollection in

22   this regard.  Responding Party is continuing to search for records which provide information in

23   this regard.  Responding Party will provide an amended response as appropriate.

24   **REQUEST FOR ADMISSION NO. 10:**

25       Admit that on January 26, 2014 of Sunday morning at approximately 7:00 AM on second

26   watch at the 3B-Clinic at Window-"C", Plaintiff Reyes showed fresh blood stains on his white

27   boxers to defendant M. Flores "LVN", the defendant M. Flores stated it was not blood, it's kool-

28   aid on my boxers.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

2       Responding Party objects to this request on the grounds that it is compound.  Subject to

3  and without waiving said objections, Responding Party responds as follows:

4       Deny.

5  **REQUEST FOR ADMISSION NO. 11:**

6       Admit that on January 26, 2014 of Sunday morning at approximately 7:00 AM on 2/W at

7  the 3B-Clinic pill-line defendant M. Flores failed to provide plaintiff Reyes any medical attention,

8  and failed to respond to plaintiff's medical emergency, and failed to summon urgent/emergent

9  medical care or follow its procedures, by delaying my prescribed treatment and causing plaintiff's

10  pain and suffering to be prolonged.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

12       Responding Party objects to this request on the grounds that it is vague and ambiguous.

13  Responding Party does not know what Plaintiff means by "its procedures."  Responding Party

14  further objects to this request on the grounds that it is compound.  Subject to and without waiving

15  said objections, Responding Party responds as follows:

16       Deny.

17  **REQUEST FOR ADMISSION NO. 12:**

18       Admit that on January 26, 2014 at approximately 11:30 AM of Sunday at the 3B-Clinic

19  pill line The ADA-Worker J. Quezada pushed plaintiff Reyes stated again to defendant M. Flores

20  that I", plaintiff is still in severe pain in my bladder and, kidneys and im unable to urinate and I

21  have big thick amounts of blood clots coming out of my penis. I, plaintiff Reyes told defendant

22  Flores "LVN", that I, plaintiff Reyes just got surgery, and I need medical attention.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

24       Responding Party objects to this request on the grounds that it is compound.  Subject to

25  and without waiving said objections, Responding Party responds as follows:

26       Deny for lack of information and belief.

27  ///

28  ///

5

1   **REQUEST FOR ADMISSION NO. 13:**

2       Admit that on January 26, 2014 at approx.: 11:30 AM on second watch at the 3B-Clinic

3   Defendant M. Flores "LVN" ignored again plaintiff Reyes medical emergency.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

5       Deny.

6   **REQUEST FOR ADMISSION NO. 14:**

7       Admit that on January 26, 2014 of Sunday on second watch at approx.: 1:07 PM

8   Defendant M. Flores "LVN", and Miss T. Hamilton responded to the alarm at 3B05 building.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

10      Responding Party admits that he responded to examine Plaintiff at approximately 1:00

11  p.m. on January 26, 2014.

12  **REQUEST FOR ADMISSION NO. 15:**

13      Admit that on January 26, 2014 at approximately 1:07 PM on second watch defendant M.

14  Flores took plaintiff Reyes vital signs and stated to plaintiff Reyes so this is how you wanna play

15  this game.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

17      Responding Party objects to this request on the grounds that it is compound. Subject to

18  and without waiving said objections, Responding Party responds as follows:

19      Responding Party admits that he took Plaintiff's vital signs. Responding Party denies the

20  remaining allegations for lack of information and belief.

21  **REQUEST FOR ADMISSION NO. 16:**

22      Admit that on January 26, 2014 at approximately 1:30 PM on second watch of Sunday

23  defendant M. Flores "LVN", stated to custody that plaintiff Abel P. Reyes could go back to his

24  cell, and could wait to see the nurse tomorrow.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

26      Responding Party objects to this request on the grounds that it is compound. Subject to

27  and without waiving said objections, Responding Party responds as follows:

28      Deny for lack of information and belief.

1   **REQUEST FOR ADMISSION NO. 17:**

2          Admit that on January 26, 2014 the defendant M. Flores "LVN" violated Inmate Medical

3   Services Policies and Procedures Volume 4, Chapter 12 Emergency Medical Response System

4   Policy.

5   **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

6          Responding Party objects to this request on the grounds that it is vague and ambiguous.

7   Responding Party does not know what Plaintiff means by "Inmate Medical Services Policies and

8   Procedures Volume 4, Chapter 12 Emergency Medical Response System Policy."  Subject to and

9   without waiving said objections, Responding Party responds as follows:

10          Responding Party admits that the review of Plaintiff's inmate appeal found that he Inmate

11   Medical Services Policies and Procedures Volume 4, Chapter 12.

12   **REQUEST FOR ADMISSION NO. 18:**

13          Admit that on January 26, 2014 on third watch late Sunday evening plaintiff, Abel P.

14   Reyes was transferred to Mercy Hospital by ambulance and arrived at approximately 10:00 PM.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

16          Responding Party objects to this request on the grounds that it is compound.  Subject to

17   and without waiving said objections, Responding Party responds as follows:

18          Responding Party admits that Plaintiff's medical records indicate he was transferred to

19   Mercy Hospital by ambulance on the evening of January 26, 2014.

20   **REQUEST FOR ADMISSION NO. 19:**

21          Admit that on February 12, 2014 plaintiff was discharge back to 3B-Yard at Corcoran

22   State Prison.  See attached DISCHARGE INSTRUCTION AT "ACH" ACUTE CARE

23   HOSPITAL at Corcoran Prison dated; Feb. 12, 2014.  True copy attached hereto as Exhibit "C".)

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25          Responding Party objects to this request on the grounds that it is compound.  Subject to

26   and without waiving said objections, Responding Party responds as follows:

27          Deny for lack of information and belief.

28   ///

7

1   **REQUEST FOR ADMISSION NO. 1 [sic]:**

2          The following documents, copies of which are attached to this request are genuine and are

3   what they appear to be.

4          DISCHARGE MEDICATIONS DATED 01-23-2014 FOR ABEL P. REYES.  WRITTEN

5   DISCHARGE INFORMATION DATED 01-23-2014 FOR ABEL P. REYES MRN#6030938!

6   (INSTRUCTION AT "ACH" DATED Feb. 12, 2014)!

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 1 [sic]:**

8          Responding Party did not prepare the records at issue, nor is he the custodian of records.

9   Furthermore, Responding Party has been unable to locate the documents within Plaintiff's

10  medical file.  As such, Responding Party is unable to verify the authenticity of the records at this

11  time.  Responding Party will continue to search for the documents and provide amended

12  responses as appropriate.

13  Dated:  October 5, 2017                              Respectfully submitted,

14                                                       XAVIER BECERRA
                                                         Attorney General of California
15                                                       ALBERTO L. GONZALEZ
                                                         Supervising Deputy Attorney General
16

17

18                                                       MATTHEW W. ROMAN
                                                         Deputy Attorney General
19                                                       *Attorneys for Defendant*
                                                         *M. Flores*
20

21

22

23

24

25

26

27
    SA2017303679
28  33033829.doc

                                        8

1
2
3
4
5
6
7
8                           **VERIFICATION TO FOLLOW**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Abel P. Reyes v. M. Flores, et al.**
No.:          **1:16-cv-00586 JLT (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made. I am 18 years of age or
older and not a party to this matter. I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service. In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service with postage thereon fully prepaid that same day in the ordinary course of
business.

On October 5, 2017, I served the attached **DEFENDANT M. FLORES' RESPONSE TO
REQUESTS FOR ADMISSION, SET ONE** by placing a true copy thereof enclosed in a sealed
envelope in the internal mail collection system at the Office of the Attorney General at 1300 I
Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Abel Reyes
P-55763
California State Prison - Corcoran
P.O. Box 3466
Corcoran, CA  93212-3466

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on October 5, 2017, at Sacramento, California.

|                      |                      |
| -------------------- | -------------------- |
| A. Bachinsky         |                      |
| Declarant            | Signature            |

SA2017303679
33078341.docx

# EXHIBIT

# F

RECEIVED



POSTAGE >> PITNEY BOWES

212   $ 000.00⁰
86349 SEP 11 2017



**XAVIER BECERRA**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-6239
Facsimile: (916) 322-8288
E-Mail: Matthew.Roman@doj.ca.gov

September 8, 2017

Abel P. Reyes (P-55763)
CSP – Corcoran
P.O. Box 3461
Corcoran, CA 93212-3461

RE:   Abel P. Reyes v. M. Flores, et al.
      United States District Court, Eastern District of California, Case No. 1:16-cv-00586 JLT
      (PC)

Dear Mr. Reyes:

As you can see from my responses to your request for production of document, the scope of many of the requests is not clear to me. In any event, it appears that most of the documents you are seeking would be contained within your Central File. It also appears that you are looking for documents to allow you to determine who else was working during that shift. I am attempting to determine if any such documents exist. If I locate any such documents, I will send them with the responses to your requests for admission and special interrogatories.

If you have any questions for me, please feel free to write. Otherwise, I will send the remaining discovery responses by October 5, 2017.

Sincerely,

MATTHEW W. ROMAN
Deputy Attorney General

For   XAVIER BECERRA
      Attorney General

MWR:

SA2017303679
33038888.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ABEL P. REYES,
PLAINTIFF

v.

M. Flores, et al.,

DEFENDANT(S).

Case Number: 1-16 - CV-00586-JLT
(PC)

PROOF OF SERVICE

I hereby certify that on _October, 17, 2017_, I served a copy

of the attached (NOTICE OF MOTION); NOTICE OF PLAINTIFF'S
MOTION TO COMPEL DISCOVERY AND BRIEF IN
SUPPORT OF DECLARATION. WITH EXHIBITS A
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter Thru EXHIBIT#.

listed, by depositing said envelope in the United States Mail at CALIFORNIA STATE
PRISON-CORCORAN, 4001 KING AVENUE
P.O. BOX 3461 - CORCORAN, CA. 93212 - 3461

(List Name and Address of Each
Defendant or Attorney Served)

DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL,
MATTHEW W. ROMAN
1300 I STREET, SUI+ 125
P.O. BOX 944255
SACRAMENTO, CA. 94244-2550

I declare under penalty of perjury that the foregoing is true and correct.

_Bal Rerger_

(Signature of Person Completing Service)