# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL P. REYES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FLORES, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00586-DAD-JLT (PC)<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT JOHN DOE R.N. SHOULD NOT BE DISMISSED**<br><br>**(Docs. 1, 10, 11, 12)**<br><br>**21-DAY DEADLINE** |

The Court screened Plaintiff's complaint was screened as required by 28 U.S.C. § 1915A and found it to state a cognizable claim against Defendants LVN Flores and John Doe RN for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. 10). Plaintiff elected to proceed on this claim against LVN Flores and John Doe RN rather than file an amended complaint. (*See* Docs. 10, 11.) Service was appropriate only for LVN Flores as Plaintiff did not know the identity of John Doe RN. (Doc. 12.) Plaintiff indicated that he would substitute the true name for John Doe RN once ascertained in discovery. (Doc. 11.) However, there is nothing before the Court to show that Plaintiff has ascertained John Doe RN's true name.

In the screening order, Plaintiff was informed that the Federal Rules of Civil Procedure include no provision "permitting the use of fictitious defendants." *McMillan v. Department of Interior*, 907 F.Supp. 322, 328 D.Nev. 1995), *aff'd*, 87 F.3d 1320 (9th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997); *see also Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187, 1191 (9th

1

Cir. 1970). Plaintiff was further informed that "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, Plaintiff was afforded an opportunity to identify the unknown defendant through discovery, as it was not clear that discovery would not reveal John Doe RN's identity. *Id.* Plaintiff was cautioned in the screening order that he was required to identify John Doe RN by name in order to proceed on claims against him in this action. (Doc. 10, pp. 12-13.)

A court may dismiss a defendant, a claim, or an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). The deadline to amend pleadings, (Doc. 20), and the discovery cut-off deadline (Doc. 31) have passed without Plaintiff filing anything to indicate that he has ascertained the true name of John Doe RN.

Accordingly, **within 21 days** of the date of service of this order, Plaintiff is **ORDERED** to show cause why John Doe RN and all claims against him should not be dismissed with prejudice for Plaintiff's failure to prosecute this action against John Doe RN by identifying and substituting his true name in this action.

IT IS SO ORDERED.

Dated: __**December 21, 2017**__       _____/s/ Jennifer L. Thurston_
                                                                     UNITED STATES MAGISTRATE JUDGE