# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL P. REYES,<br><br>        Plaintiff,<br><br>   v.<br><br>FLORES, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00586-DAD-JLT (PC)<br><br>**ORDER ON PLAINTIFF'S MOTIONS REGARDING DISCOVERY AND FOR CONTINUANCE OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docs. 40, 41, 42)** |

## I. Introduction

On January 5, 2018, Plaintiff filed three documents which all address Plaintiff's desire to resolve discovery disputes in this action before the Court rules on Defendant's motion for summary judgment. (Docs. 40, 41, 42.) However, as discussed below, Plaintiff's requests are DENIED because they are untimely and fail to show that resolution of his discovery disputes bear on the issues raised in the motion.

## II. Background

Plaintiff proceeds in this action on a deliberate indifference claim under the Eighth Amendment against Defendants Flores, LVN and John Doe RN.[1] (Docs. 10, 11, 12.) The Discovery and Scheduling Order, issued on May 22, 2017, opening discovery and setting October

---

[1] Defendant John Doe RN has not been identified or served in this action, so all interactions between the parties referred to in this order are to Plaintiff and Flores, LVN ("Defendant").

1

22, 2017 as the discovery cut-off date and December 21, 2017 as the dispositive motion deadline. (Doc. 20.) On October 13, 2017, Plaintiff filed a motion for a 30-day extension of the discovery deadline indicating that he was having difficulty both obtaining responses to discovery that he propounded on Defendant Flores and accessing the law library to draft a motion to compel further responses. (Doc. 25.) Defendant did not oppose Plaintiff's request and the discovery cut-off date was extended to November 22, 2017. (Doc. 31.)

On October 23, 2017, Plaintiff filed a motion to compel ("Plaintiff's MTC"). (Doc. 26.) Defendant filed an opposition indicating that the parties had an opportunity to meet and confer at Plaintiff's deposition and that further responses and documents had been provided to Plaintiff. (Doc. 28.) Plaintiff did not file a reply or otherwise contradict Defendant's opposition. Consequently, on December 12, 2017, the Court disregarded Plaintiff's MTC as moot. (Doc. 30.)

On December 18, 2017, Plaintiff filed a motion for an extension of time to file pretrial dispositive motions. (Doc. 33.) Plaintiff's only basis for this request was that he had limited access to the law library, which prevented him from completing necessary legal research. (*Id.*) Plaintiff submitted evidence which showed various requests he made to access the law library beginning in August of 2017. (*Id.*, pp. 5-7.) However, that same evidence also showed various dates that Plaintiff was scheduled to go to the law library but did not attend. (*Id.*, pp. 5, 6.) This motion was denied without prejudice on December 20, 2017, because Plaintiff failed to show diligence and good cause under Rule 16 of the Federal Rules of Civil Procedure. (Doc. 37.) That same day, Defendant filed his MSJ. (Doc. 35.)

On December 22, 2017, the Court issued the Second Informational Order informing Plaintiff of the requirements under Rule 56 as well as his duty to file an opposition or a statement of non-opposition to Defendant's MSJ within 21 days of service. (Doc. 38.) The Court also ordered him to show cause why John Doe R.N. should not be dismissed for his failure to prosecute this action against John Doe RN by identifying and substituting his true name. (Doc. 39.)

On January 5, 2018, Plaintiff filed objections (Doc. 40), a supplemental brief in support of his objections (Doc. 42), and a request for continuance of the ruling on Defendant's motion for

summary judgment (Doc. 41) -- which are now before the Court. On January 8, 2018, Plaintiff filed a motion for a 30-day extension of time to file his opposition to Defendant's MSJ which was granted on February 1, 2018. (Docs. 43, 44.) Plaintiff filed his opposition to Defendant's MSJ on March 2, 2018. (Doc. 45.)

### III. Plaintiff's MTC Reply & the MTC Order

In the document titled as objections (Doc. 40)[2] and his supplemental brief "in response to Defendant's opposition to Plaintiff's motion to compel" (Doc. 42), Plaintiff seeks, in essence, to reply to Defendant's opposition to Plaintiff's MTC and/or for reconsideration of the MTC order. (*See* Doc. 40, p. 3.)

Plaintiff states that his yard at CSP was on lockdown from July 27, 2017 to August 2, 2017 (7 days) and from October 31, 2017 to November 16, 2017 (17 days). (Doc. 40.) Plaintiff further states that he has limited access to the law library (*id.*, pp. 1-3), is having difficulty obtaining discovery responses from Defendant and that the responses he has received are incomplete or evasive (Doc. 42, pp. 1-3). Plaintiff requests more time for discovery and indicates that, without it, he cannot submit the necessary affidavits or other evidence to oppose Defendant's MSJ. (Doc. 40, p. 4.) As discussed below, Plaintiff's filings are untimely regardless of whether they are viewed as a reply to Defendant's opposition to Plaintiff's MTC, or as a motion for reconsideration of the MTC Order.

Plaintiff's reply was due seven days after Defendant's opposition to his MTC was filed. Local Rule 230(l). Since Defendant's opposition was filed on November 9, 2017, Plaintiff's reply was due November 16, 2017. Defendant provided time sheets to Plaintiff and responded to Plaintiff's additional discovery requests in a letter dated November 8, 2017. (Doc. 42, pp. 31-33.) This was the day before Defendant filed his opposition to Plaintiff's MTC and served it on Plaintiff. (*See* Doc. 28.) Thus, Plaintiff could have and should have raised any dissatisfaction

---

[2] Though ostensibly titled as objections to the Court's order denying Plaintiff's motion to extend the dispositive deadline, this document does not in any way address the standards relied on or rulings made in that order other than to note that Plaintiff did not receive it until December 26, 2017. (Doc. 40, p. 4; *Compare generally*, Doc. 37, O Deny Ext, with Doc. 40.) Plaintiff is given the benefit of the doubt for misnaming Doc. 40. However, rather than finding that it was intentionally misnamed in an effort to circumvent the deadlines discussed in this section, Doc. 40 is construed based on the arguments it asserts, as a motion for reconsideration of the MTC Order.

with Defendant's production in a reply to Defendant's opposition to his MTC.

Requests for reconsideration of a magistrate judge's ruling are reviewed under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, only those portions of a magistrate judge's orders that are either clearly erroneous or contrary to law may be set aside. Fed.R.Civ.P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (non-dispositive pretrial orders are reviewed for clear error under Rule 72(a)). Reconsideration motions are committed to the sound discretion of the trial court. *Rodgers v. Watt,* 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).

Objections to a magistrate judge's non-dispositive order must be filed within 14 days after service of the order on the objecting party. Fed.R.Civ.P. 72(a). The MTC Order issued on December 12, 2017. (Doc. 30.) However, Plaintiff's documents before the Court are not timely since they were not filed[3] on or before December 26, 2017 (*see* Docs. 40, 41, 42), and Plaintiff did not request an extension of time before that deadline passed. To the extent that Plaintiff's filings now before the Court may be construed as objections to or to seek reconsideration of the MTC Order, they are untimely.

Finally, even if Plaintiff's filing is accepted as objecting to the order denying modification of the Discovery and Scheduling Order, he has not now shown diligence to justify extension of the discovery cut-off deadline.[4] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("If the party [seeking to modify a scheduling order] was not diligent, the inquiry should end.") As noted above, discovery opened in this case on May 22, 2017. (Doc. 20.) Plaintiff's filings may be construed to show he had some difficulty accessing the law library. (*See* Doc. 33, pp. 5-7; Doc. 40.) However, they also show that nearly two months passed from the date discovery opened until the date he first propounded discovery on Defendant. Plaintiff propounded requests

---

[3] A document is deemed filed on the date the prisoner "delivered the notice to prison authorities for forwarding to the District Court." *Houston v. Lack*, 487 U.S. 266, 270 (1988); *see also Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying mailbox rule to section 1983 actions).

[4] It is also noteworthy that Plaintiff only sought extension of the deadline for filing dispositive motions, *not* of the discovery cut-off date, in his motion to modify the Discovery and Scheduling Order which was denied. (*See* Docs. 33, 37.)

4

for production of documents on Defendant on July 26, 2017, September 12, 2017, and October 5, 2017; as well as a set of requests for admissions and a set of interrogatories on August 21, 2017. (Doc. 26.)  Plaintiff could have filed motions to compel either after lapse of the allowed time within which he either did not receive responses from Defendant, or upon receipt of responses he believed were incomplete or evasive.  Instead, Plaintiff chose to wait until the last possible moment to seek court intervention to resolve his discovery disputes.  Further, as previously discussed, Plaintiff did not raise any concerns in reply to Defendant's response/opposition to his MTC that all the information Plaintiff sought was being provided -- this despite apparently sending correspondence to defense counsel regarding his concerns on December 6, 2017 (*see* Doc. 42, p. 37), before the Court issued the MTC order.  Plaintiff should have raised those issues to the Court in a reply to Defendant's opposition but chose not to do so.  Plaintiff had ample opportunity to pursue discovery in this action and to bring his disputes before the Court, but did not do so in a timely fashion.

**IV.    Request for Continuance of Ruling on Defendant's Motion for Summary Judgment**

Plaintiff also requests denial or continuance of Defendant's MSJ.  (Doc. 41.)  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment.  *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).  Plaintiff makes no such showing.

Plaintiff's only contentions in this regard is that Number 2 and Number 4 of his interrogatories dated August 8, 2017, have not been answered; that he believes the information sought therein is relevant to this action; that Defendant objected to those interrogatories; and that

Plaintiff contacted defense counsel concerning this discovery dispute in a letter dated December 6, 2017, to which he did not receive a response. (Doc. 41.) Plaintiff also contends that responses to his requests for production of documents Numbers 1-8 are relevant to prove his claim and will raise a genuine issue of material fact. (*Id.*) However, Plaintiff does not show what information or documents he believes exist in response to interrogatories Number 2 and Number 4 or requests for production Numbers 1-8 how he believes this information would bear on the issues raised in the motion for summary judgment.

Defendant's MSJ is premised on the fact that, as an LVN, Defendant Flores did not have authority to direct Plaintiff's medical care or to decide whether an inmate should be examined. (Doc. 35, pp. 5-10.) At most, Defendant's job was to obtain information, relay it to a decision-maker, and follow whatever the decision-maker instructed. (*Id.*) When resolving a claim under the Eighth Amendment against individual defendants, causation must be resolved via "a very individualized approach which accounts for the duties, discretion, and means of each defendant." *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988) *citing with approval Williams v. Bennett*, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party. One may be callously indifferent to the fate of prisoners and yet not be liable for their injuries. Those whose callous indifference results in liability are those under a duty -- possessed of authority and means -- to prevent the injury.")

Plaintiff's interrogatory Number 2 asks for: the identity of "any medical staff on second watch who were scheduled for duty at Acute Care Hospital 'ACH' at the emergency room 'ER,' on the date of January 26, 2014 of (sic) Sunday at Corcoran State Prison." (Doc. 42, p. 8.) Plaintiff's interrogatory Number 4 asks for: the identity "by name, date, duration, title and location (sic) any training you have received concerning CDCR policies on emergency medical response." (*Id.*, p. 9.) Plaintiff fails to provide any explanation to show how even the most detailed responses to these interrogatories, of who worked when, where, and in what capacity, could possibly provide information upon which Plaintiff could show that Defendant Flores LVN was authorized to direct Plaintiff's medical care or decide whether an inmate should be examined.

Even Plaintiff's interrogatory Number 3, which asks Defendant Flores LVN more specifically for the identity of "the person that you spoke to on the telephone on Sunday on second-watch at approx..: 1:07PM. In 3 B-05 on the date of January 26, 2014, at Corcoran State Prison" (*id.*, p. 9) could not show as much. Likewise, none of Plaintiff's requests for production of documents (Doc. 42, pp. 24-27), are likely to reveal a basis to find that Defendant Flores, as an LVN, had authority to direct Plaintiff's medical care or decide whether an inmate should be examined.

Though it is understandable that Plaintiff would want to know who had the authority to make the decisions about whether he would be examined or the extent to which he would receive medical treatment, at least at this time, the evidence shows that it was no Flores. Thus, this further discovery does not bear on the issue raised in the MSJ and there is no basis to support that it would prevent a full and fair determination of the motion brought by Flores. *Blough*, 574 at 1091 n.5.

**V.      Order**

Accordingly, the Court **ORDERS**:

1.      To the extent that Plaintiff's January 5, 2018 filings (Docs. 40, 41, 42) seek to file a reply to Defendant's response/opposition to Plaintiff's MTC, they are **DENIED** as untimely;

2.      To the extent that these filings seek reconsideration of the MTC Order, they are **DENIED** as untimely;

3.      To the extent that these filings seek modification of the Discovery and Scheduling Order to extend the discovery cut-off deadline, they are **DENIED** because Plaintiff has not shown good cause under Rule 16 of the Federal Rules of Civil Procedure; and,

4.      To the extent that Plaintiff seeks to defer consideration of Defendant's MSJ to be allowed to conduct further discovery under Rule 56(d) of the Federal Rules of Civil Procedure, this request is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 12, 2018**                         **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE