UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL P. REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>FLORES,<br><br>    Defendant. | Case No.: 1:16-cv-00586-JLT (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. #78) |

On June 6, 2017, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. Even if the Court assumes that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this stage in the proceedings, the court cannot determine that Plaintiff is likely to succeed on the merits and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

Though Plaintiff submitted some mental health records, they do not show that Plaintiff's mental health is deteriorating.[1] He has suffered from a mental illness since a very young age, and it appears that he has complained of the same concerns raised in his motion for appointment of counsel for at least a year. Despite these subjective complaints, his clinician has not modified his treatment plan or his medications. Importantly, despite his subjective complaints that have existed for more than a year, he has been prosecuting this action successfully including defeating a motion for summary judgment. (Docs. 48, 49)

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is DENIED, without prejudice to refiling the motion with evidence from a medical professional opining that Plaintiff's mental health is deteriorating and that this deterioration impairs his ability to prepare for and engage in his trial.

IT IS SO ORDERED.

   Dated: __**July 9, 2019**__            __/s/ Jennifer L. Thurston__
                                                                      UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the record for Plaintiff's most recent mental health evaluation, in May of this year, are incomplete.