UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL P. REYES, | No. 1:16-cv-00586-DAD-JLT (PC) |
| Plaintiff, | |
| v. | FINAL PRETRIAL ORDER |
| M. FLORES, | |
| Defendant. | |

On August 13, 2019, the court conducted a final pretrial conference. Plaintiff Abel Reyes ("plaintiff") appeared telephonically and *pro se*. Deputy Attorney General Matthew Roman appeared telephonically as counsel for defendant M. Flores, LVN ("defendant"). Having considered the plaintiff's objections, the court issues this final pretrial order.

Plaintiff is a state prisoner proceeding *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant knowingly denied him constitutionally adequate medical treatment and was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

I. JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331, 1343. Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391. Venue is not contested.

/////

1

II. JURY

Both parties have demanded a jury trial. The jury will consist of seven jurors.[1]

III. UNDISPUTED FACTS

1. In January 2014, plaintiff was incarcerated at California State Prison-Corcoran ("CSP-Corcoran").

2. Following a history of treatment for various urinary symptoms, the plaintiff was admitted into the Delano Regional Medical Center for transurethral resection of the prostate ("TURP") surgery on January 21, 2014.

3. Plaintiff was discharged and returned to CSP-Corcoran on January 23, 2014.

4. On January 26, 2014, at approximately 7:00 a.m., plaintiff was pushed in his wheelchair to the C window of the 3-B Clinic to obtain his morning medications. Plaintiff told defendant that he was in severe pain and that he had a medical emergency. Defendant stated that it was not a medical emergency and told plaintiff to submit a health care services request form to be seen.

5. At approximately 11:30 a.m., plaintiff returned to the 3-B Clinic where he was seen by defendant. Plaintiff told defendant of his continuing pain, and that he was unable to urinate, had thick blood clots come out of his penis, and that he had just had surgery and needed medical attention. Defendant assessed plaintiff and concluded that he did not need immediate medical attention.

6. At approximately 3:45 p.m., plaintiff again returned to the 3-B Clinic. At that time, another nurse examined plaintiff and again concluded that he did not require emergency treatment.

7. Later that evening, plaintiff was examined in the Acute Care Hospital at CSP-Corcoran by Dr. Julian Kim.

---

[1] Plaintiff objects to the proposed number of jurors and proposes that the jury consist of eight instead of seven jurors without reason. (Doc. No. 88 at 1.) Local Rule 162.2 of this court states that a civil trial shall consist of no fewer than six and no more than twelve members. *See also* Fed. R. Civ. P. 48. This trial is estimated to be not more than four court days in length. The court is well within its discretion in determining that a jury of seven will be sufficient and plaintiff's objection to that number is rejected.

8. Thereafter, plaintiff was sent to the Mercy Hospital Emergency Room, where he was examined by Dr. Noor Jaber. Plaintiff had a catheter inserted and was admitted to the hospital. Plaintiff was discharged from the hospital on January 29, 2014.

IV. DISPUTED FACTUAL ISSUES[2]

1. Whether defendant was deliberately indifferent to the plaintiff's medical needs.
2. Whether the plaintiff suffered any medical complications as a result of the alleged delay in providing him medical care.

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. The parties anticipate filing the motions *in limine* below. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any *motions in limine* prior to the first day of trial.

Plaintiff's Motions *in Limine*

1. Motion *in limine* to bar defendant from presenting evidence of or making reference to plaintiff's criminal history, the criminal history of plaintiff's witnesses, plaintiff's history of administrative appeals and litigation unrelated to this instant lawsuit, and any documents not previously disclosed to plaintiff.

2. Motion *in limine* to bar testimony of defendant's expert witnesses if it is revealed through deposition that their opinions are based in whole or in part on materials that should have been produced during discovery and which were withheld from plaintiff.

3. Plaintiff anticipates objecting to defendant's proposed trial exhibits.

---

[2] Plaintiff has objected to the court's formulation of the disputed factual issues in this case. (Doc. No. 88 at 2.) However, plaintiff's proposed version of disputed factual issues in this case merely recounts all of the facts of this case from plaintiff's perspective. (*Id.* at 2–4.)

3

Defendant's Motions *in Limine*

1. Defendant states that he objects to the introduction of testimony by plaintiff including but not limited to, type of treatment, rationale for treatment, and appropriateness of treatment, and causation of subsequent medical conditions.

VI. SPECIAL FACTUAL INFORMATION

Special factual information pursuant to Local Rule 281(b)(6) is not applicable to this action.

VII. RELIEF SOUGHT

Plaintiff seeks compensatory damages in the amount of $300,000.00 and punitive damages in the amount of $100,000.00.

VIII. POINTS OF LAW

The claims and defenses in this case arise under federal law. All of plaintiff's claims are brought against defendant M. Flores.

1. The elements of, standards for, and burden of proof in a cause of action for deliberate indifference to a prisoner's right to medical care pursuant to the Eighth Amendment.
2. The elements of, standards for, and burden of proof for an award of punitive damages.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.

IX. ABANDONED ISSUES

None.

X. WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**. Defendant's witnesses shall be those listed in **Attachment B**. Each party may call any witnesses designated by the other.

    A. **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

|   |   |     |                                                                               |
|---|---|-----|-------------------------------------------------------------------------------|
| 1 |   | (1) | The party offering the witness demonstrates that the witness is for the       |
| 2 |   |     | purpose of rebutting evidence that could not be reasonably anticipated at     |
| 3 |   |     | the pretrial conference, or                                                   |
| 4 |   | (2) | The witness was discovered after the pretrial conference and the proffering   |
| 5 |   |     | party makes the showing required in paragraph B, below.                       |
| 6 | B. | Upon the post pretrial discovery of any witness a party wishes to present at trial, |
| 7 |   | the party shall promptly inform the court and opposing parties of the existence of |
| 8 |   | the unlisted witnesses so the court may consider whether the witnesses shall be |
| 9 |   | permitted to testify at trial. The witnesses will not be permitted unless:    |
| 10 |  | (1) | The witness could not reasonably have been discovered prior to the          |
| 11 |  |     | discovery cutoff;                                                            |
| 12 |  | (2) | The court and opposing parties were promptly notified upon discovery of     |
| 13 |  |     | the witness;                                                                 |
| 14 |  | (3) | If time permitted, the party proffered the witness for deposition; and       |
| 15 |  | (4) | If time did not permit, a reasonable summary of the witness's testimony      |
| 16 |  |     | was provided to opposing parties.                                            |

XI.  EXHIBITS, SCHEDULES, AND SUMMARIES

Joint exhibits are listed in **Attachment C**. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. At the moment, the parties have not designated any joint exhibits.[3]

Plaintiff's exhibits are listed in **Attachment D**. Defendant's exhibits are listed in **Attachment E**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed

---

[3] The court previously directed the parties to confer regarding the creation of a joint exhibit list. In his objections, however, plaintiff states that he objects to a joint exhibit list. (Doc. No. 88 at 9.) In any event, the parties did not submit a joint exhibit list.

numerically and defendants' exhibits shall be listed alphabetically.  All exhibits must be pre-marked.  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due the Thursday before the trial date, which is **October 24, 2019**.  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation.

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria**

    A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:
        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.
    B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:
        (1)    The exhibits could not reasonably have been discovered earlier;
        (2)    The court and the opposing parties were promptly informed of their existence;

/////
/////
/////

(3) The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

## XII. DISCOVERY DOCUMENTS

The parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

Plaintiff and defendant may use the following discovery documents at trial:

1. Defendant's answers to plaintiff's Requests for Admissions, Set One, numbers 1-19;

2. Defendant's answers to plaintiff's First Request for Production of Documents, numbers 1-8;

3. Defendant's answers to plaintiff's First Special Interrogatories, numbers 1-5;

4. Plaintiff's objections and responses to defendant's First Set of Request for Production of Documents, numbers 1-7;

5. Plaintiff's objections and responses to defendant's First Set of Special Interrogatories;

6. Transcript of plaintiff's deposition.

## XIII. FURTHER DISCOVERY OR MOTIONS

Plaintiff anticipates filing a motion for the attendance of incarcerated witness, motion for appointment of counsel, and motions *in limine*. Defendant does not anticipate further discovery motions. The court notes that under the scheduling order in this case, both discovery and substantive law and motion is now closed.

## XIV. STIPULATIONS

None.

## XV. AMENDMENTS/DISMISSALS

None.

/////

## XVI. SETTLEMENT

A settlement conference was held before Magistrate Judge Jennifer L. Thurston on May 17, 2019, but the parties did not reach a settlement. The court will not require the parties to participate in another court–supervised settlement conference but would schedule a further settlement conference prior to trial if both parties agreed such a conference might be productive and requested that one be set.

## XVII. JOINT STATEMENT OF THE CASE[4]

The court has drafted the following neutral statement of the case to be read to the prospective jurors:

> Plaintiff is a state prisoner at California State Prison – Corcoran and claims that defendant, a medical professional at the prison, knowingly denied him medical treatment and was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendant denies that he was deliberately indifferent to plaintiff's medical needs.

## XVIII. SEPARATE TRIAL OF ISSUES

None.

## XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Plaintiff requests that the court appoint an impartial expert in this action to provide expert testimony regarding the physical injuries to his kidney and problems with a cyst and physical injuries to his testicular epididymal cysts and a sudden swelling in both testicles.

The court has discretion pursuant to Federal Rule of Evidence 706 "to appoint a neutral expert on its own motion, or on the motion of any party" after evaluating "such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review." *Honeycutt v. Snider*, No. 3:11-CV-00393-RCJ, 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011). "[T]he most important question a court must consider when deciding whether to appoint a neutral expert witness is whether doing so will promote accurate factfinding." *Gorton v. Todd*, 793 F.

---

[4] Plaintiff objects to the court's proposed neutral statement of the case. (Doc. No. 88 at 4.) Instead, plaintiff proposes a statement of the case from his perspective to be read to prospective jurors. (*Id.* at 5–7.) The court declines to adopt that statement of the case because it is not neutral.

Supp. 2d 1171, 1179 (E.D. Cal. 2011.) The appointment of a neutral expert witness under Rule 706 is intended to benefit the trier of fact, and not a particular litigant. *Faletogo v. Moya*, No. 12cv631 GPC (WMC), 2013 WL 524037, at *1 (S.D. Cal. Feb. 12, 2013); *Bontemps v. Lee*, No. 2:12–cv–0771 KJN P, 2013 WL 417790, at *3–4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1.

Here, the issues presented at trial do not appear to be sufficiently complex to warrant the appointment of a neutral medical expert to aid the trier of fact. The magistrate judge's findings and recommendations with respect to defendant's motion for summary judgment found that "triable issues of fact exist as to whether Defendant could have and should have called an RN [registered nurse] or physician during their interactions at the C-window, and whether Defendant properly relayed all of Plaintiff's symptoms and vital statistics as reflected in the 7362 form to the RN on the phone on January 26, 2014 . . . ." (Doc. No. 48 at 16.) This court's docket is comprised of an overwhelming number of civil rights cases filed by prisoners proceeding *pro se* and *in forma pauperis*, and the facts of this case are similar to many cases now pending before the court. *See Wilds v. Gines*, No. C 08–03348 CW (PR), 2011 WL 737616, at *4 (N.D. Cal. Feb. 23, 2011); *Honeycutt*, 2011 WL 6301429, at *1 ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases.") Therefore, plaintiff's request for the court to appoint a neutral medical expert to assist the trier of fact is denied.

XX. <u>ATTORNEYS' FEES</u>

Currently, plaintiff is representing himself *pro se* and is not entitled to move for an award of attorney fees if he prevails. *See Gonzalez v. Kangas*, 814 F.2d 1411, 1411 (9th Cir. 1987) (*pro se* prisoner, who is not an attorney, may not obtain an award of attorneys' fees in his 42 U.S.C. § 1983 action).

XXI. <u>TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS</u>

Neither party anticipates the need for a trial protective order.

XXII. MISCELLANEOUS

None.

XXIII. ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **October 29, 2019**, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd. Trial is anticipated to last four days. The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

As noted by the court during the pretrial conference, there are several other trials scheduled in the period of the current trial date in this case that take priority over this action either because they are criminal cases or civil cases filed before this one, thus presenting the likelihood that the starting date of this trial may be delayed. Counsel for defendant are directed to call Jami Thorp, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date. Because plaintiff is incarcerated, the court will also issue minute orders in this case to update the parties on the status of the trial date.

XXIV. PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs the parties to confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed. Plaintiff shall file any such submissions.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority. When applicable, the objecting party shall submit

an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV. <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**

IT IS SO ORDERED.

Dated: __**September 18, 2019**__    _____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**ATTACHMENT A: Plaintiff's Witness List** [5,6]

1. G. Andrade, Supervising Registered Nurse II, CSP-Cor, 4001 King Ave., Corcoran, CA 93212, (559) 992-8800
2. B. Whitfield, Licensed Vocational Nurse, CSP-Cor, 4001 King Ave., Corcoran, CA 93212, (559) 992-8800
3. S, Macelvaine, Supervising Registered Nurse III, CSP-Cor, 4001 King Ave., Corcoran, CA 93212, (559) 992-8800
4. Teresa Macias, CEO, CSP-Cor, 4001 King Ave., Corcoran, CA 93212, (559) 992-8800
5. Alford, Correctional Officer 2/W, CSP-Cor, 4001 King Ave., Corcoran, CA 93212, (559) 992-8800
6. J. Huewe, Correctional Officer 2/W, CSP-Cor, 4001 King Ave., Corcoran, CA 93212, (559) 992-8800
7. E. Cortez, Correctional Officer 3/W, CSP-Cor, 4001 King Ave., Corcoran, CA 93212, (559) 992-8800
8. Johnny Quezada, (incarcerated witness), CDC# V-42893
9. Julian Kim, M.D., CSP-Cor, 4001 King Ave., Corcoran, CA 93212, (559) 992-8800
10. Miss Campbell, Registered Nurse, Delano Regional Medical Hospital, 1401 Garces Highway, Delano, CA 93216, (661) 725-4800
11. Jaber Noor, M.D., CHW Central California, Mercy Hospital, 2215 Truxton Ave., Bakersfield, CA 93301
12. Mushtaq Ahmed, M.D., CHW Central California, Mercy Hospital, 2215 Truxton Ave., Bakersfield, CA 93301
13. Anthony H. Horan, M.D. (urologist surgeon), Delano Regional Medical Hospital, 1401 Garces Highway, Delano, CA 93216, (661) 725-4800

---

[5] Though not listed on his witness list, plaintiff will not be prohibited from calling the defendant as a witness in his case in chief.

[6] Whether plaintiff has met the standards and requirements to subpoena any of these witnesses or to have any incarcerated witnesses transported to appear at the trial of this action will be addressed via separate order(s).

1. 14. Abel P. Reyes, Plaintiff, CDC # P-55763
2. 15. Perkin Hugh, M.D., Twin Cities Community Hospital, 1100 Las Tablas Rd., Templeton, CA 93465, (805) 434-3500
3. 16. Ziomek, M.D., John J. ED Physician, San Joaquin Community Hospital, 2615 Chester Ave., Bakersfield, CA 93301, (661) 395-3000
4. 17. Snyder Alissa K. M.D., Mercy Hospitals of Bakersfield, 2215 Truxton Ave., Bakersfield, CA 93301.

| | |
|---|---|
| 1 | **ATTACHMENT B: Defendant's Witness List** |
| 2 | **1.** Plaintiff, Abel P. Reyes, California Men's Colony – East, P.O. Box 8101, San Luis Obispo, CA 93409 |
| 4 | **2.** Defendant, Nurse M. Flores, Licensed Vocational Nurse, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814 |
| 7 | **3.** Nurse Hamilton, Licensed Vocational Nurse, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814 |
| 9 | **4.** Dr. Julian Kim, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814 |
| 11 | **5.** Dr. Noor Jaber, Mercy Hospital Bakersfield, 2215 Truxtun Avenue, Bakersfield, CA 93301, (661) 632-5000 |
| 13 | **6.** Dr. Conall McCabe, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814 |
| 15 | **7.** Dr. Albert McBride, Adventist Health, 2701 Chester Ave #202, Bakersfield, CA 93301, (661) 326-1600 |
| 17 | **8.** Dr. Anthony Horan, Delano Regional Medical Center, 1205 Garces Highway, Delano, CA 93215, (661) 725-4800 |
| 19 | **9.** Nurse J. Smothermon, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814 |
| 21 | **10.** Correctional Officer J. Huewe, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814 |
| 23 | **11.** Correctional Officer E. Cortez, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814 |
| 25 | **12.** Correctional Officer Alford, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814 |
| 27 | **13.** Nurse Campbell, c/o Matthew W. Roman; California Office of the Attorney General, 1300 I Street, 12th Floor, Sacramento, CA 95814 |

**14.**   Dr. Mushtaq Ahmed, Mercy Hospital Bakersfield, 2215 Truxtun Avenue, Bakersfield, CA 93301, (661) 632-5000

**ATTACHMENT C: JOINT EXHIBITS**

N/A

**ATTACHMENT D: PLAINTIFF'S EXHIBITS**

1. Defendant's declaration dated December 19, 2017;
2. Plaintiff's deposition and all exhibits thereto;
3. Affidavit of IM Johnny Quezada;
4. Plaintiff's signature sample;
5. Plaintiff's complaint in this action;
6. Defendant's responses to discovery;
7. Delano Regional Medical Center, Discharge Instructions dated January 22, 2014;
8. Health Care Services Request Form # 0003276 dated January 26, 2014;
9. Matthew W. Roman correspondence dated November 8, 2017;
10. CSP-Cor Final Report of Laboratory Test dated January 26, 2014;
11. Triage & Treatment Services Flow Sheet dated January 26, 2014;
12. EKG dated January 26, 2014;
13. Triage & Treatment Area Progress Note by Julian Kim, M.D. dated January 26, 2014;
14. Emergency Room Report at Mercy Hospital in Bakersfield, CA, by Noor Jaber, M.D. Admit date January 26, 2014;
15. Mercy Hospital Laboratory Specimen Inquiry, Dated January 26, 2014, ORDERED: UA/CULT;
16. Mercy Hospital Laboratory Test, dated January 26, 2014, ORDERED: CBC Auto Diff.;
17. Mercy Hospital Laboratory Test, dated January 26, 2014, ORDERED: PT, PTT;
18. Inmate Consultation, date of consultation January 26, 2014;
19. Mercy Hospital Inmate Consultation, date of consultation January 27, 2014, by Shabbir Shakir, M.D.;
20. Mercy Hospital Inmate Discharge Summary, date of discharge January 29, 2014;
21. Mercy Hospital Physician Discharge Summary dated January 29, 2014;
22. Discharge to Infirmary;
23. California Correctional Health Care Services Physician's Admission Orders dated January 29, 2014;

| | | |
|---|---|---|
| 1 | 24. | Triage & Treatment Services Flow Sheet dated January 29, 2014 of CDCR 7403; |
| 2 | 25. | Corcoran State Prison Acute Care Hospital Nursing Assessment Form dated January 29, 2014; |
| 4 | 26. | Physician's Orders CDC 7221 dated January 29, 2014 through February 9, 2014; |
| 5 | 27. | CDC 7211 Graphic Record dated January 29, 2014 to February 2, 2014; |
| 6 | 28. | Nursing Care Records dated January 29, 2014 through February 11, 2014; |
| 7 | 29. | CA. State Prison-COR Final Report of Labs dated January 30, 2014; |
| 8 | 30. | Physician's Progress Notes dated January 30, 2014, February 1, 2014 - February 3, 2014, February 7, 2014, February 9, 2014 - February 11, 2014; |
| 10 | 31. | Patient Discharge Instructions at John D. Klarich Hospital Corcoran State Prison dated February 11, 2014 through February 12, 2014; |
| 12 | 32. | CA Correctional Health Care Services, Exam Name: US Scrotal, exam dates February 29, 2016 and January 12, 2017; |
| 14 | 33. | Correctional Health Care services Exam Name: US Bladder Post Void, exam dated October 24, 2016; |
| 16 | 34. | Plaintiff's CDCR 602 Health Care Appeal Log #: COR SC14001635 and COR HC14055491, date submitted: February 22, 2014; |
| 18 | 35. | CA. State Prison-Corcoran Final Report of Laboratory Test, UA/CULT dated April 9, 2014; |
| 20 | 36. | CSP-COR Final Report of Lab. Test, UA/CULT dated May 21, 2014; |
| 21 | 37. | Active Medications as of January 22, 2015; |
| 22 | 38. | Health Care Services Request Forms dated September 11, 2016, September 7, 2017, September 12, 2017, September 25, 2017, November 8, 2017, November 10, 2017, #5896015 dated November 19, 2017, #5907690 dated February 7, 2018, #5907691 dated February 21, 2018, #6988957 dated November 7, 2018; |
| 26 | 39. | Urology Consultation, Final report dated July 13, 2016; |
| 27 | 40. | Triage and Treatment Area Progress Note dated August 29, 2017; |
| 28 | 41. | Encounter Form dated September 14, 2017; |

| | |
|---|---|
| 1 | 42. Interdisciplinary Progress Notes dated September 27, 2017; |
| 2 | 43. Admit/Discharge/Transfer Forms Hospital Transfer Entered on November 10, 2017; |
| 3 | 44. Mercy Hospital Bakersfield Emergency Room Visit on November 10, 2017; |
| 4 | 45. Progress Notes dated November 28, 2017, November 27, 2018, October 22, 2018, |
| 5 | November 13, 2018, and March 12, 2019; |
| 6 | 46. Record from Adventist Health Bakersfield Emergency Room Visit on February 5, 2018; |
| 7 | 47. California Correctional Health Care Services, Exam Name: US Scrotal, exam date |
| 8 | October 30, 2018. |

**ATTACHMENT E: DEFENDANT'S EXHIBITS**

1. Declaration of Nurse M. Flores in support of motion for summary judgment and accompanying exhibits;
2. Prison medical records dated January 8, 2014;
3. Delano Regional Medical Center medical records dated January 21, 2014;
4. Prison medical records dated January 23, 2014;
5. Prison medical records dated January 24, 2014;
6. Prison medical records dated January 26, 2014;
7. Prison medical records dated January 30, 2014;
8. Prison medical records dated January 31, 2014;
9. Prison medical records dated February 6, 2014;
10. Prison medical records dated February 7, 2014;
11. Mercy Hospital Bakersfield medical records dated January 27, 2014;
12. Mercy Hospital Bakersfield medical records dated January 28, 2014;
13. Mercy Hospital Bakersfield medical records dated January 29, 2014;