1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11     ABEL P. REYES,                          Case No. 1:16-cv-00586-CDB (PC)

12                    Plaintiff,               **ORDER ON MOTIONS IN LIMINE**

13            v.                                (Doc. 170)

14     M. FLORES,

15                    Defendant.

16

17            Plaintiff Abel P. Reyes is a state prisoner, proceeding with counsel, in this action brought

18     pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant M. Flores on a claim of

19     deliberate indifference to serious medical needs in violation of the Eighth Amendment.

20            Trial of the action is scheduled to commence on August 2, 2023.  Pending before the

21     Court are Defendant's motions in limine, filed June 5, 2023.  (Doc. 170).  Plaintiff timely filed an

22     opposition to each of Defendant's motions, filed June 19, 2023.  (Doc. 171).  Consistent with its

23     order of April 27, 2023 (Doc. 169), the Court has reviewed the parties' submissions and deems

24     the motions suitable for disposition without oral argument.  *See* E.D. Cal. Local Rule 230(g).

25     **Discussion**

26         A.  **Legal Standard**

27            Parties may file motions in limine before or during trial "to exclude anticipated prejudicial

28     evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2

(1984). Rulings in limine are not binding on the Court, and the Court may amend, renew, or reconsider such rulings in response to developments at trial. *Id*. at 41–42.

To decide motions in limine, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible. Fed. R. Evid. 402. However, the Court may exclude relevant evidence for various reasons, including if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  In other words, relevant evidence may be excluded when there is a significant danger that the jury might base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case. *See Tennison v. Circus Circus Enters., Inc*., 244 F.3d 684, 690 (9th Cir. 2001); *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

The rulings on the motions in limine made below do not preclude either party from raising the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible. In this event, the proponent of the evidence SHALL raise the issue outside the presence of the jury.

**B.  <u>Defendant's Motion in Limine No. 1 – Lay Witness Testimony</u>**

Defendant seeks to preclude Plaintiff from offering opinions about the adequacy of treatment provided by Defendant Flores and the causation of Plaintiff's ongoing injuries and medical condition.  Defendant argues Plaintiff lacks the medical expertise to offer opinions or inferences regarding the nature and cause of his alleged injuries. Fed. R. Evid. 701.  Defendant clarifies that while Plaintiff permissibly may testify as to what he experienced, felt, saw, and did concerning his interactions with Defendant Flores and other health care providers, he cannot testify regarding a diagnosis, prognosis, opinions, inferences, or causation of his alleged injuries because he has no medical expertise, training, or education.  (Doc. 170 at 2).

Plaintiff opposes and asserts he is "entitled to testify as to his diagnosis, prognosis, opinions of medical providers, inferences or causation insofar as federal courts recognize multiple

1    [exceptions] to hearsay testimony under Rule 803 such as, including, but not limited to, Present

2    Sense Impression and Then-Existing Mental, Emotional or Physical Condition." (Doc. 171 at 4-

3    5). Plaintiff separately argues other percipient witnesses should be permitted to testify regarding

4    these subjects. (*Id*. at 5).

5         "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to

6    one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding

7    the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or

8    other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

9         As a non-expert witness, Plaintiff is not qualified to offer any expert opinions in this case

10   concerning any alleged physical injuries, including purported causes, diagnoses and prognoses.

11   Plaintiff has no training or expertise in any of these fields. Plaintiff may testify as to what he saw

12   or felt relating to his medical needs or condition but may not testify as to any medical matter

13   which requires scientific, technical or other specialized knowledge.[1] *E.g., Johnson v. Dunnahoe*,

14   No. 1:08-cv-00640-LJO-DLB (PC), 2013 WL 793220, *1-2 (E.D. Cal. Mar. 4, 2013) (granting

15   motion in limine precluding testimony by prisoner on matters within the purview of a medical

16   expert). Likewise, other percipient witnesses who lack expertise in the medical field may testify

17   about what they saw, but not as to matters requiring expertise.

18        **Ruling:** Defendant's motion is granted. Plaintiff may testify as to what he observed and

19   experienced as a result of the incident; however, neither Plaintiff nor percipient witnesses may

20   testify regarding a diagnosis, opinions, inferences or causation.

21        **C. Defendant's Motion in Limine No. 2 – CDCR Regulations**

22        Defendant seeks to preclude Plaintiff from testifying, arguing, or eliciting testimony about

23   CDCR's healthcare, classification, housing, or other policies and procedures. Defendant asserts

24   Plaintiff lacks expertise in the areas of prison management and medicine. (Doc 170 at 3).

25

26        [1] Plaintiff's citation to *Garner v. Astrue* for the proposition that a court must permit lay
     witness testimony concerning a person's symptoms (Doc. 171 at 4) is misplaced. That case
27   involved review of a claimant's denial of social security benefits and the applicability of 20
     C.F.R. § 404.1513(e)(2) – a regulation not applicable here.
28

1    Plaintiff opposes, arguing that CDCR policies are relevant to demonstrating Defendant's actions

2    amount to deliberate indifference.  In short, Plaintiff claims that the CDCR policies bear on the

3    issues of whether Defendant "owed a duty and failed to meet that duty."  (Doc. 171 at 5).

4         "[W]hen a violation of state law causes the deprivation of a right protected by the United

5    States Constitution, that violation may form the basis for a Section 1983 action." *Lovell v. Poway*

6    *Unified School Dist*., 90 F.3d 367, 370 (9th Cir.1996) (citation omitted). "However, Section 1983

7    limits a federal court's analysis to the deprivation of rights secured by the federal Constitution

8    and laws," and "[t]o the extent that the violation of a state law amounts to the deprivation of a

9    state-created interest that reaches beyond that guaranteed by the federal Constitution, section

10   1983 offers no redress." *Id.* at 370-71 (citations and internal quotation marks omitted); *accord*

11   *Ove v. Gwinn*, 264 F.3d 817, 824–25 (9th Cir.2001) (blood draw of plaintiff in violation of

12   California Vehicle Code "does not state a constitutional claim").  Thus, the mere violation of a

13   prison rule or regulation does not necessarily establish a constitutional violation.

14        The Court notes Plaintiff's exhibit binder includes a two-page excerpt of CDCR's

15   "Operations Manual" pertaining to its Division of Health Care Services (PX 124) and a 17-page

16   excerpt from Title 15, California Code of Regulations, pertaining to various aspects of the

17   provision of medical care in CDCR facilities (PX 125).  As discussed in the Court's treatment of

18   Motion in Limine No. 1, as a non-expert witness, Plaintiff may not testify as to any matter which

19   requires scientific, technical, or other specialized knowledge.  Plaintiff is not competent to testify

20   concerning CDCR policies.

21        However, the Court is unable to determine, pre-trial, whether Plaintiff will seek to elicit

22   evidence from competent witnesses regarding Defendant's violation of prison policies/rules, and

23   if so, whether that evidence is relevant; and if it is relevant, whether its probative value is

24   substantially outweighed by a danger of unfair prejudice or jury confusion. *See Cortez v. Sol*, 776

25   F.3d 1046, 1052 (9th Cir. 2015) (written prison policy regarding use of restraints relevant to

26   inmate's constitutional claim).

27        **Ruling:**  Defendant's motion is granted in part.  Plaintiff may not testify concerning

28   CDCR's healthcare, classification, housing, or other policies and procedures.  However,

1    Defendant's motion is denied without prejudice to raising specific objections at trial as are

2    appropriate in the event Plaintiff seeks to elicit from a competent witness relevant testimony

3    concerning CDCR policies.

4    **D.  Defendant's Motion in Limine No. 3 – Court-appointed Receiver / *Plata***

5        Defendant seeks to preclude Plaintiff from introducing evidence or eliciting testimony

6    about a federal-court appointed receiver to oversee the provision of medical care for prisoners in

7    California and the various pending class actions. Defendant suggests such evidence is irrelevant

8    (Fed. R. Evid. 401 & 402), and separately, argues that the probative value that this evidence may

9    have is outweighed by the resulting unfair prejudice to Defendant, confusion of the issues, and a

10   waste of time (Fed. R. Evid. 403).  (Doc. 170 at 3-4).

11       Plaintiff opposes, arguing that introducing the facts of the receivership and related class

12   action lawsuits is relevant to establishing that CDCR and its staff were on notice that they were

13   required to provide suitable medical care to Plaintiff.  (Doc. 170 at 6).

14       In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff

15   must show a defendant demonstrated "deliberate indifference" to his "serious medical needs."

16   *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S.

17   97, 103-05 (1976)). In addition to demonstrating existence of a serious medical need, the plaintiff

18   must show both that the defendant was aware of facts from which an inference could be drawn

19   that a substantial risk of serious harm existed, and also that the defendant drew the inference.  *Id.*

20   (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

21       Under this standard, whether or not Defendant Flores was "on notice" of CDCR's

22   obligation to meet Constitutional muster in its provision of medical care is irrelevant.  Thus, the

23   facts of the receivership and related class action lawsuits likewise are irrelevant.  *E.g., Baldhosky*

24   *v. Hubbard*, No. 1:12-cv-01200-LJO-JDP, 2019 WL 3996412, *2 (E.D. Cal. Aug. 23, 2019)

25   (excluding evidence of receivership and class actions; agreeing that "the receiver's appointment,

26   the finding of California's prison medical system to be inadequate, and other pending class

27   actions have no tendency to prove that Defendants' acts or omissions harmed Plaintiff.").  To the

28   extent the facts have any probative value in establishing Defendant's deliberate indifference, the

5

1    Court separately concludes the value would be substantially outweighed by the risk of confusing

2    the issues and misleading the jury.  *See* Fed. R. Evid. 403.

3        **Ruling:**  Defendant's motion is granted.  Plaintiff may not introduce evidence or elicit

4    testimony about a federal-court appointed receiver to oversee the provision of medical care for

5    prisoners in California and the various related class action law suits.

6        **E.  Defendant's Motion in Limine No. 4 – Medical Bills / Cost of Treatment**

7        Defendant seeks to preclude Plaintiff from introducing medical bills for his treatment and

8    care.  Defendant argues such bills would constitute inadmissible hearsay, are irrelevant, and

9    separately, that the probative value of admitting such evidence is substantially outweighed by the

10   danger of undue prejudice and confusion of the issues.[2]  (Doc. 170 at 5-6).  Plaintiff counters that

11   such bills are admissible because costs CDCR paid medical services providers for Plaintiff's

12   treatment can be used to fashion an appropriate compensatory and punitive damages award. (Doc.

13   171 at 6-7).

14       Defendant's arguments are premised almost exclusively on California state law.  (Doc.

15   170 at 5-6).  However, in a federal civil rights case, federal courts are bound under 42 U.S.C. §

16   1988 to apply federal law to determine the proper remedy, unless federal law is "deficient in the

17   provisions necessary to furnish suitable remedies," in which case the court turns to state law. *See*

18   *Forbes v. Cnty. of Orange*, No. SACV 11-1330 JGB (ANx), 2013 WL 12165672, *10 (C.D. Cal.

19   Aug. 4, 2013) (citing 42 U.S.C. § 1988(a)).  Under the federal collateral source rule, "benefits

20   received by the plaintiff from a source collateral to the defendant may not be used to reduce that

21   defendant's liability for damages." *Id*. (quoting *McLean v. Runyon*, 222 F.3d 1150, 1155–1156

22   (9th Cir. 2000)). *See Gill v. Maciejewski*, 546 F.3d 557, 564-65 (8th Cir. 2008) (applying

23   collateral source rule in § 1983 actions).  The rationale underlying the collateral source rule is to

24   prevent the defendant from receiving a windfall by avoiding liability for damages suffered by the

25   plaintiff as a result of the defendant's conduct. *See Siverson v. United States*, 710 F.2d 557, 560

26       [2] For these propositions, Defendant cites a treatise on California evidence (Doc. 170 at 5)

27   and Fed. R. Evid. 350 & 352 (*id.* at 6).  The Court construes Defendant's apparent errant
     references in connection with Motion in Limine No. 4 to the applicable Federal Rules of

28   Evidence – 401, 402 and 403.

(9th Cir. 1983) (finding that the purpose of collateral source doctrine is to prevent the defendant from receiving a windfall, irrespective of whether application of the doctrine results in a double recovery for the plaintiff); *Chavez v. Poleate*, No. 2:04–CV–1104 CW, 2010 WL 678940, *2 & n.2 (D. Utah Feb. 23, 2010) (applying collateral source rule in a prisoner's § 1983 action against prison guard where state paid for plaintiff's medical expenses).  *See also England v. Reinauer Transp. Cos., L.P.*, 194 F.3d 265, 273 (1st Cir. 1999) ("When a case is being heard in federal court, the evidentiary, as opposed to the substantive, aspects of the collateral source rule are governed by the Federal Rules of Evidence, particularly Rules 401, 402, and 403") (citation omitted)").

Since Plaintiff may recover the total amounts charged by the medical providers, evidence relating to these amounts, including Plaintiff's medical bills, is relevant to his damages claim. Fed. R. Evid. 401 ("Evidence is relevant if it has any tendency to make a fact [of consequence] more or less probable.").  The Court therefore finds that evidence of Plaintiff's medical bills is relevant and admissible to the issue of Plaintiff's damages.  The Court further finds the probative value of Plaintiff's medical bill evidence is not substantially outweighed by a danger of unfair prejudice or confusion of the issues. Fed. R. Evid. 403.

**Ruling:**  Defendant's motion is denied.

## Conclusion

Accordingly, and for the reasons given above, IT IS HEREBY ORDERED that:

1.      Defendant's Motions in Limine (Doc. 170) is GRANTED in part and DENIED in part as follows: (a) Defendant's Motion in Limine No. 1 is granted; (b) Defendant's Motion in Limine No. 2 is granted in part as to Plaintiff's testimony; (c) Defendant's Motion in Limine No. 3 is granted; and (d) Defendant's Motion in Limine No. 4 is denied; and

*Remainder of This Page Intentionally Left Blank*

2.	This Order does not preclude either party from raising the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible.  In this event, the proponent of the evidence SHALL raise the issue outside the presence of the jury

IT IS SO ORDERED.

Dated:   **July 19, 2023**

UNITED STATES MAGISTRATE JUDGE